Barton v. Steinmitz.

Messrs. BLANKE & CHYTRAUS, for appellant.

Mr. L. C. COOPER, for appellee.

LUCY E. BARTON AND JESSE B. BARTON
v.
CONRAD STEINMITZ AND HERMAN EILENBERGER.

*Mechanic's Leins—Enforcement of—Practice.*

The terms upon which, and the manner in which, mechanic's liens shall be given and enforced, are governed by the laws in force when the mechanic seeks the benefit of the lien the law gives.

[Opinion filed June 30, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. W. W. BRISTOL, for appellants.

Messrs. ABBOTT & BAKER, for appellees.

GARY, P. J.   By an agreement, dated April 13, 1887, the appellees undertook to do a part of the carpenter work of a dwelling house and stable, about to be erected for the appel-

lants named in the title above. When the work was, in fact, done, does not appear; but as the certificate of the architects for the final payment is dated September 21, 1887, a good portion of it was, doubtless, done before the act of May 31, 1887, by which Sec. 4 of the act of 1874, in relation to liens, was amended, went into force, on July 1, 1887. There was no attempt by the appellees to comply, either with that section as amended, or with the provisions of Sec. 35, as amended by the act of June 16, 1887, which went into force, also, on July 1, 1887.

The appellees concede, and it would be true if they did not, that to acquire a lien under contracts made after those amendments were in force, a compliance with them is necessary: Their position is, that they do not apply to earlier contracts. But on this subject the decision of the Supreme court in Templeton v. Horne, 82 Ill. 491, is decisive, and see Hanes v. Wady, 41 N. W. Rep. (Mich.) 222. The terms upon which, and the manner in which, mechanics' liens shall be given and enforced, are governed by the laws in force when the mechanic seeks the benefit of the lien the law gives. True, it is said, *apropos* to no question in the case, in Clarke v. Moore, 64 Ill. 273, that "when the contract to perform labor is made, the lien attaches." It may very well be that between the mechanic and incumbrancers, as to the value he adds to the premises, or even as to their value as they stood when he made the contract, which he afterward performed, his lien will relate back, under ordinary circumstances, to the date of his contract.

This case calls for no consideration of that question. It may be argued, when the question does arise, that Gove v. Cather, 23 Ill. 634, tends that way. But that case and the cases therein cited held, that it is the performance of the contract that gives the lien, which, "as a rich, oriental perfume pervades every vacant space of the loftiest chamber, so does this subtle essence insinuate itself into every fibre of the material."

When the performance of the contract in this case was completed, the amendments of 1887 were in force, and the

appellees could have no lien without compliance with them. The decree must, therefore, be reversed and the case remanded with directions to the Superior Court to dismiss the petition at the cost of the appellees.

*Reversed and remanded.*