W. F. GROESBECK *et al.* V. E. S. BARGER *et al.*

1. MECHANIC'S LIEN — *Vested Right — Remedy May be Changed, When.* The right to a mechanic's lien for materials becomes, when the materials are furnished, a vested right which the legislature cannot destroy; but the remedies provided to preserve and enforce such lien may be changed, if a substantial and effective remedy is left or provided, and the change does not substantially impair the value of the contract or security.

2. ——— *Enforcement — Change in Remedy.* The right to a mechanic's lien for materials is determined by the law in force at the time the materials are furnished; but the lien must be preserved and enforced in accordance with the requirements of the law in force at the time such proceedings are had. In every case a reasonable time must be given after the law making a change in the remedy takes effect within which to comply with its provisions.

MEMORANDUM.— Error from Smith district court; CYRUS HEREN, judge. Action by W. F. Groesbeck and another against E. S. Barger and others, to enforce a mechanic's lien. From the judgment plaintiffs bring error. Affirmed. The facts are sufficiently stated in the opinion, filed July 6, 1895.

*Theodore Laing,* for plaintiffs in error.

*L. C. Uhl,* and *D. M. Relihan,* for defendants in error, E. S. Barger, J. K. Burrow, Theo. Shoemaker, and D. W. Relihan.

The opinion of the court was delivered by

GARVER, J.: The plaintiffs in error, W. F. Groesbeck and E. A. Belisle, under a sub-contract with the contractors, furnished material for the erection of a building of which defendants, E. S. Barger *et al.,* were owners. The last of the materials was furnished January 15, 1889. On the 20th day of May, 1889, a sworn statement of the lien claim was made and filed

in the office of the clerk of the district court of Smith county, and a written notice of the filing of such lien served on the owners. This action was commenced on the 28th day of December, 1889. The court below gave judgment against the contractors for the amount claimed, but held that the sub-contractors had not so complied with the requirements of the mechanic's lien law as to entitle them to a lien as against the owners.

The only question in this case is as to the application of the several lien laws of this state to the claimed lien of plaintiffs. It is claimed that they, as sub-contractors furnishing materials, had a vested right to a lien under the act of March 2, 1872, and that that act governed as to the time within which the statement of the claim should be filed. On the other hand, it is contended that the act of February 26, 1889, which took effect March 1, 1889, repealed the former act with reference to the several steps necessary to be taken to preserve the lien, and must be complied with. That the sub-contractors' right to a lien became a vested right as soon as the materials had been furnished, which it was not in the power of the legislature to destroy, must be conceded as no longer open to argument in this state. (*Weaver v. Sells*, 10 Kas. 609.) The right to the lien must, therefore, be determined in this case by the act of 1872, which was the law in force at the time the materials were furnished. The steps required to be taken, by filing a verified statement within 60 days after the completion of the building and serving a copy on the owners, were not required in order to secure the right to a lien, but were made necessary merely in order to preserve a right already acquired by the furnishing of materials. They were but proceedings provided for preserving

and enforcing the lien, and must be classed as mere remedies to be pursued by the lien claimant for the enforcement of the security given him by the statute. What pertains to the remedy merely is always subject to legislative change and control, subject only to the limitation that there must be left or provided in place of the old remedies a substantial and effective remedy, and the change must not have been such as to work a substantial impairment of the value of the contract or security. (Cooley, Const. Lim., 6 ed., 347, 447; *Plow Co. v. Withan*, 52 Kas. 185.) This rule is often applied to changes made in statutes of limitation. (*Elliott v. Lochnane*, 1 Kas. 126; *Sohn v. Waterson*, 17 Wall. 596; *Terry v. Anderson*, 95 U. S. 628.) The act of 1889 required a sub-contractor to file his statement within 60 days after the date upon which material was last furnished, and to give written notice of such filing to the owner; while the act of 1872 provided that such statement should be filed within 60 days after the completion of the building, and that a copy of the statement should be served upon the owner. As affects this case, these were the only changes made by the act of 1889. They were changes in the remedy which the legislature had a right to make.

We think the law is well settled that the right to a mechanic's lien must be determined by the law in force at the time the right becomes vested, but the lien must be established, or preserved and enforced, by the law in force at the time the necessary proceedings are had for that purpose. (*Moore v. Maysert*, 49 N. Y. 332; *Phillips v. Mason*, 7 Heisk. 61; *Tell v. Woodruff*, 45 Minn. 10; *Hill v. Lovell*, 47 id. 293; *Goodbub v. Estate of Hornung*, 127 Ind. 181; *Templeton v. Horn*, 82 Ill. 491; *Barton v. Steinmitz*, 37 Ill. App. 141;

*Paine v. Woodworth*, 15 Wis. 298 ; *McCrea v. Craig*, 23 Cal. 522 ; *Wilmet Fall &c. Co., v. Short*, 45 Mo. 377 ; *Osborn v. Wall Paper Co.*, 13 S. Rep. [Ala.] 776.)

Judged by these rules, the district court properly held that the statement filed May 29, 134 days after the date when the last material was furnished, was not filed in time, and that plaintiffs had not brought themselves within the requirements of the statute. The plaintiff must, of course, be given a reasonable time after the new act took effect within which to comply with its provisions ; but such reasonable time can in no case be for a longer time after the act took effect than that given by the statute after the furnishing of materials. The provisions referred to in the act of 1872, being expressly repealed in 1889, were not continued in force, as to plaintiffs in error, by virtue of ¶ 6687, General Statutes of 1889, which provides that the repeal of a statute does not affect any right which accrued, or proceeding commenced, under the statute repealed. The proceedings which are questioned in this case had not been commenced when the act of 1889 took effect; hence, not affected by it. Even if the act of 1872 should be held to be in force as to persons furnishing materials prior to its repeal and the taking effect of the subsequent act, as claimed by counsel for plaintiff in error, the result in this case would be the same, because the requirements of neither act have been complied with. This being a right specially conferred by statute, anyone claiming the benefit of the statute must bring himself fully within its provisions. The owners were not served with a copy of the statement, as required by the law of 1872. Instead, a simple notice as required by the law of 1889 was given. Certainly parts of such statutes pertaining to remedies cannot apply at the same time in

the same transaction. One or the other governs. The judgment will be affirmed.

All the Judges concurring.