THE WHITTAKER BRICK COMPANY v. THE FIRST
NATIONAL BANK OF SENECA.

No. 65.

MECHANICS' LIENS—*Enforcement—by What Law Governed.* The
case of *Groesbeck v. Barger*, 1 Kan. App. 61, followed.

MEMORANDUM.—Error from Nemaha district court;
R. C. BASSETT, judge. Action by P. D. Kenyon against
The First National Bank of Seneca and others to en-
force a mechanic's lien. The Whittaker Brick Com-
pany, defendant, complains of a judgment sustaining
a demurrer to its cross-petition, and brings its case
to this court. Affirmed. The opinion herein, filed
January 9, 1896, states the facts.

*Getty & Hutchings*, for plaintiff in error.

*Samuel K. Woodworth*, for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J.: In 1888 the firm of Torrence &
Kenyon entered into a contract with the First National
Bank of Seneca, Kan., to erect a two-story brick build-
ing on certain premises owned by the bank. At about
the same time said firm employed P. D. Kenyon to
superintend the construction and purchase material
for the erection of said building; they also entered into
a contract with the Whittaker Brick Company to fur-
nish the brick for this building. P. D. Kenyon per-
formed all the conditions of his contract, as well as
did the Whittaker Brick Company; but Torrence &
Kenyon failed to pay these parties the amounts they
had agreed upon, and on the 19th of August, 1889,
they each filed their subcontractor's statement for a
lien.

On the 20th of February, 1890, P. D. Kenyon com-

menced an action to foreclose his lien against the First National Bank of Seneca, the Whittaker Brick Company and Howard B. Kenyon as defendants. The defendant the Whittaker Brick Company filed an answer and cross-petition in this action sitting up its lien. It is shown by the pleadings of Kenyon and the Whittaker Brick Company that the contract for the erection of this building was made in 1888; that the building was completed on June 21, 1889; that the last material furnished by the Whittaker Brick Company was October 15, 1888; that the last services rendered or labor performed by Kenyon was August 25, 1888. To the petition of Kenyon and the answer and cross-petition of the Whittaker Brick Company the First National Bank filed demurrers, which were sustained by the court below, and judgment was rendered in favor of the First National Bank for its costs. The Whittaker Brick Company brings the case here for review.

As stated by the plaintiff in error, the facts in this case are not identical with those in *Groesbeck v. Barger*, 1 Kan. App. 61, yet the question involved is the same, viz., the application of the several lien laws of this state to the lien claimed by plaintiff in error. Upon the authority of that case, the decision and judgment of the trial court must be affirmed. As held therein, the right to a lien must be determined by the law which was in force at the time the material was furnished — that is, the act of 1872; but the time within which the statement should be filed to obtain a lien must be governed by the law of 1889, which took effect March 1, 1889. As the last materials were furnished more than 60 days prior to the taking effect of the law of 1889, and the building was completed thereafter, such a construction must be placed upon the

law as will afford adequate remedy for such cases, and the plaintiff in error would have a reasonable time after March 1, 1889, within which to file its statement for a lien. Such reasonable time could not in any case exceed the period of time given by the statute after the day when the last material was furnished, which is 60 days. In other words, the plaintiff in error would have had 60 days from the time the act of 1889 took effect within which to file its statement, but certainly not any greater length of time ; and as five months elapsed after the taking effect of the law of 1889 before the statement of the plaintiff in error was filed, we think it lost any right it might otherwise have had to a lien.

The judgment will be affirmed.

All the Judges concurring.