### ED. F. MADDEN v. S. C. WALKER.
#### No. 170.

CHATTEL MORTGAGE— *Authorized Sale of Property by Mortgagor — Application of Proceeds.* The holder of a first chattel mortgage, which entitles him to possession, may sell or authorize the mortgagor to sell the property mortgaged, or a part of same, and vest title thereto in the purchaser; but the law will, as against a second mortgagee, apply the proceeds of such sale to the payment of the first mortgage.

Error from Rush district court; V. H. GRINSTEAD, judge. Opinion filed January 18, 1898. Affirmed.

*J. W. McCormick,* for plaintiff in error.

*Andrews & Anderson,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. : This is an action for the wrongful conversion of 405 bushels of wheat, of the value of $202.50. The Bank of McCracken held a first, and Ed. F. Madden, plaintiff in error, a second mortgage, given by N. B. Drummond, on the wheat in controversy and other personal property. Drummond, with the knowledge and consent of the Bank of McCracken, sold to the defendant in error, S. C. Walker, 405 bushels of wheat, of the value of $202.50, which was

applied on a debt not secured by this mortgage, due from Drummond to Walker.

The theory of plaintiff in error is that the consent of the bank to the sale of the wheat operated to release the said first mortgage as to the wheat, and that plaintiff in error's mortgage thereby became a first lien, and entitled him to the possession of the wheat. We cannot concur in this view. The bank, as the holder of the first mortgage, had the right to sell the wheat, or to authorize the mortgagor to do so and apply the proceeds on amount due the bank ; and as against the plaintiff in error the law makes such application and reduces the bank's claim or debt by an amount equal to the value of the wheat sold. This is all plaintiff in error is entitled to have done, and all he can equitably claim. If he wishes to redeem the property he can do so by paying the bank's claim less the value of the wheat sold ; hence his interests are not prejudiced. He is no worse off on account of the sale. Nothing has been done to his injury. He was not entitled to possession of the wheat until the first mortgage was paid or redeemed from. The sale being authorized by law, the title to the wheat passed to the purchaser, defendant in error.

The description of the property in the first mortgage was sufficient to embrace the wheat in controversy. The instructions of the district court, considered as a whole, fairly state the law of the case.

The judgment of the district court is affirmed.