[Civ. No. 1440. First Appellate District.—June 16, 1915.]

GEORGE SCHMIDT, Respondent, v. BEKINS VAN & STORAGE COMPANY OF SAN FRANCISCO (a Corporation), Appellant.

WAREHOUSEMAN—STORAGE OF MORTGAGED GOODS—SUPERIORITY OF LIEN —EVIDENCE—CONSENT OF MORTGAGEE.—A warehouseman has a lien on mortgaged goods for his storage charges thereon superior to that of the mortgagee, where it is made to appear that the mortgagee was not only present at the time the goods were removed from their original location and loaded on a wagon belonging to the warehouseman and made no objection thereto, but two months thereafter signed a paper prepared by the warehouseman stating that the goods were stored with the mortgagee's consent; and the fact that at the time of signing such paper he was unable to read the same and thought he was only signing a paper which declared that he held a chattel mortgage on the property, the purpose of which was to enable the warehouseman, if the mortgagor demanded the property, to refuse her demand and retain possession of it for the mortgagee, does not affect the superiority of the warehouseman's lien.

ID.—SUPERIORITY OF LIEN—ASSENT OF MORTGAGEE ESSENTIAL.—A warehouseman is not entitled to retain mortgaged property to enforce his lien for charges when it was stored in violation of the provisions of the mortgage, without the mortgagee's consent, and no promise can be implied from the mortgagee's silence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Wm. H. Chapman, for Appellant.

A. L. Weil, R. H. Morrow, A. Caminetti, Jr., and Russell P. Tyler, for Respondent.

KERRIGAN, J.—This is an appeal by defendant from a judgment in favor of the plaintiff in an action for the conversion of certain personal property.

The facts, so far as they are material to this appeal, are as follows: In January, 1911, Marie Knauer borrowed of the plaintiff a certain sum of money, and as security for the indebtedness executed to him a mortgage upon certain personal property.  The mortgage was duly recorded in the city and county of San Francisco.  In the mortgage it was provided, among other things, that the property should not be removed from the premises at 691 Folsom Street in San Francisco, where it was located, without the written consent of the mortgagee (plaintiff) ; and in the event of its removal without such consent the whole principal sum found remaining unpaid should become immediately due and payable irrespective of the time for payment specified in the note. It was further provided by the terms of the mortgage that the mortgagee should be entitled to the possession of the property in the event that the principal or interest was not paid in accordance with the terms of the promissory note. On the eighth day of May, 1911, at the instance of the mortgagor the defendant hauled one-half of the mortgaged property to its warehouse on Mission Street, and the other half to a flat on Bush Street, and a few days later this last-mentioned one-half was removed from Bush Street and also placed in defendant's warehouse, and was there received and stored by the defendant.  The whole of the property remained in storage with the defendant from the said eighth and nineteenth days of May, 1911, respectively, and was still in storage with the defendant at the time this case was tried.

The plaintiff herein foreclosed his mortgage prior to the commencement of this action, and being unable to obtain possession of the property, brought this action for the con-

version thereof by the defendant. Defendant set up in its answer herein as one of a number of defenses its lien for storage as paramount and superior to plaintiff's mortgage lien.

In view of the conclusion we have reached in this case it will be unnecessary for us to pass upon but one of the questions discussed in the briefs. That question is, Did the plaintiff consent to the storage of the goods? If he did, it is not disputed, nor could it well be, that the lien of the defendant is superior to his; or, to state the rule conversely and more nearly as it is usually stated in the books, a warehouseman, with notice of the mortgage, has no lien on mortgaged goods stored with him by the mortgagor thereof after default and without the assent of the mortgagee, whose right to the possession of the goods became absolute upon default. (Cobbey on Chattel Mortgages, sec. 464.)

In 40 Cyc. 458, the rule is stated thus: A warehouseman is not entitled to retain mortgaged property to enforce his lien for charges when it was stored in violation of the provisions of the mortgage, without the mortgagee's consent, and no promise can be implied from the mortgagee's silence. (See, also, *Wright* v. *Sherman*, 3 S. D. 290, [17 L. R. A. 792, 52 N. W. 1093].)

Looking at the whole record we think it requires us to hold that the plaintiff consented to the storage of the goods, and that therefore the defendant's lien takes precedence over the lien of the plaintiff. It appears from the testimony of the plaintiff that on the eighth day of May, 1911, he called on the mortgagor to collect a payment due on the note referred to, and at this time saw some of the goods loaded on a wagon belonging to the defendant. He demanded of the mortgagor the amount due him, which apparently was not paid, and while he told her that she ought not to remove the furniture, he merely, so far as the defendant was concerned, asked and learned of the driver of the wagon where the goods were going. The mortgagor was quitting the premises at 691 Folsom Street; and as the goods had to be removed to some place he was content to let the defendant take them; and a little over two months later and after he had learned from the mortgagor that the remainder of the goods subject to the mortgage had been removed to the defendant's warehouse, he

called there, and after some discussion concerning the matter signed the following writing:

"Bekins Van and Storage Company:

"In the matter of goods stored by Mrs. L. E. Knaued, 691 Folsom Street, on May 8th, this is to advise you that I hold a chattel mortgage on these goods, and that they were stored on the date given with my consent.

"George M. Schmidt,
"1203 11th Avenue, E. Oakland."

True, according to his testimony, he told the representative of the defendant who presented the paper to him for signature, that he did not want to sign it as he had left his eyeglasses at home, and that all he thought he was signing was a paper which declared that he held a chattel mortgage on the property, the purpose of which was to enable the defendant, if the mortgagor demanded the property, to refuse her demand and retain possession of it for the plaintiff. While perhaps the fair implication from the testimony is that the plaintiff could not see to read without glasses, still he does not expressly say so, nor does he claim that he requested any one to read the paper to him. This explanation of why he signed the document is too flimsy and unsatisfactory to be given any substantial weight. It is slight evidence, which is insufficient to support a judgment (Code Civ. Proc., sec. 1835). If a document, being the basis of a substantial right, as this is, may be swept aside by such a meager and unsatisfactory explanation as the one here given, then the security of business transactions will be greatly impaired. This paper may in effect be considered as a memorandum of an agreement, under the terms of which the plaintiff agreed to subordinate his lien to any lien the defendant might acquire for the storage of the property; and so regarding the document the law would require the plaintiff to exercise the care and diligence of a prudent business man; and as such, not being able to read the document, it was his duty to procure some reliable person to read it to him before he signed it, and not having done so he is bound by its terms. (*Hawkins* v. *Hawkins,* 50 Cal. 558; *McNinch* v. *Northwestern T. Co.,* 23 Okl. 386, [138 Am. St. Rep. 803, 100 Pac. 524]; *Bostwick* v. *Mutual Life Ins. Co.,* 116 Wis. 392, [67 L. R. A. 705, 89 N. W. 538, 92 N. W. 246]; *Chicago, etc. Ry. Co.* v. *Belliwith,* 83 Fed. 437, [28 C. C. A. 358]; *Muller* v. *Kelly,* 116 Fed. 545).

The plaintiff was present when the property was removed from its location on Folsom Street, and consented tacitly at least to its removal. It also appears that he permitted the goods to remain with the defendant for over a year thereafter, during all of which time it must have been apparent to him that he could not collect the note from the maker and must look to the goods for its satisfaction. It would seem that while these circumstances perhaps could not be held sufficient of themselves under the authorities to show that the mortgagee intended to subordinate his lien to the lien of the warehouseman, they certainly do tend to support the theory that he knew what he was doing when he signed the document in which he said that the goods were stored with his consent.

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 12, 1915.