(August 3, 1926.)

## VOLLMER CLEARWATER COMPANY, LTD., Appellant, v. UNION WAREHOUSE & SUPPLY COMPANY, LTD., Respondent.

[248 Pac. 865.]

PLEADING—CHATTEL MORTGAGES—WAREHOUSEMAN'S LIEN FOR STORAGE —PRIORITY OF LIEN—CONVERSION—DAMAGES—INCHOATE LABORERS' LIENS.

1. Permitting filing of amended answer, on morning before trial, plaintiff not appearing to have been deprived of substantial right, and declining offered postponement, was proper exercise of court's discretion.

2. In determining damages of second mortgagee of grain for conversion thereof, his interest is grain's value less amount required to discharge first mortgage.

3. As respects priority of lien of mortgage or warehouseman's lien, by stipulation in second mortgage of grain that it is subject to prior mortgage, second mortgagee consents to delivery of grain to warehouse to be stored, as provided in prior mortgage.

4. Warehouseman's lien for storage, while not made by C. S., sec. 6145, superior to mortgage on stored chattel, takes precedence over mortgage lien where mortgagee consents to storage.

5. In determining mortgagee's damages for conversion by warehouseman of mortgaged chattel stored with mortgagee's consent, storage charges are deductible from value of article.

6. Relative to damages to mortgagee of grain from defendant's conversion thereof, defendant is not entitled to deduct what it paid from proceeds to farm-hand of mortgagor who raised the grain, only part of his services being lienable, and that part not established by evidence.

7. From mortgagee's damages from defendant's conversion of mortgaged grain, defendant could not deduct the sums it paid laborers for harvesting the crop, they not having filed their claims for liens, though time therefor, under C. S., sec. 7373, had not expired.

APPEAL from the district court of the Tenth Judicial District, for Idaho County. Hon W. F. McNaughton, Judge.

Action for conversion of grain. Judgment for plaintiff for portion of damages claimed, from which it appeals. *Reversed and remanded with directions.*

A. S. Hardy, for Appellant.

Conversion of mortgaged property entitles mortgagee to recover value of same, with interest. (*Averill Mach. Co. v. Vollmer Clearwater Co.*, 30 Ida. 587, 166 Pac. 253; *Adams v. Caldwell etc. Co.*, 33 Ida. 677, 197 Pac. 723; *Meyer v. Munro*, 9 Ida. 46, 71 Pac. 969.)

Amended answer was improperly allowed. (*Snowy Peak Min. Co. v. Tamarack & Chesapeake Min. Co.*, 17 Ida. 630, 107 Pac. 60; 1 Ency. Pl. & Pr. 637, footnote; *Hayden v. Hayden*, 46 Cal. 332; *Ray v. Northrup*, 55 Wis. 396, 13 N. W. 239; *Johnson v. Swayze*, 35 Neb. 117, 52 N. W. 835.)

Warehouse charges on grain were not a lien to be deducted in determining damages. (C. S., sec. 7372; *Storms v. Smith*, 137 Mass. 201; *Arnold v. Peasley*, 128 Wash. 176, 222 Pac. 472; *Adler v. Godfrey*, 153 Wis. 186, 140 N. W. 1115; *Ludwig Baumann & Co. v. Roth*, 67 Misc. Rep. 458, 123 N. Y. Supp. 191.)

Publisher's Note.

1. Discretion in allowance of amendments, see note in **Ann. Cas.** 1913B, 481. See, also, 21 **R. C. L.** 577.

See Chattel Mortgages, 11 **C. J.**, sec. 304, p. 605, **n. 47;** sec. 328, p. 620, n. 61; sec. 408, p. 659, n. 84, **85.**

Pleading, 31 **Cyc.,** p. 398, n. 76 New.

Lien allowed by statute is the reasonable value only of labor respecting grain, as contributory to its production. (C. S., sec. 7372; *Blake v. Crystalline Lime Co.,* 37 Ida. 637, 221 Pac. 1100; *Holt Mfg. Co. v. Collins,* 154 Cal. 265, 97 Pac. 516; *Little Bros. Mill. Co. v. Baker,* 57 Wash. 311, 135 Am. St. 980, 106 Pac. 910; *Wallace v. Palmer,* 36 Minn. 126, 30 N. W. 445; *Anderson v. Bingham,* 1 Colo. App. 222, 28 Pac. 145.)

Indefiniteness in proof of lien claim precludes establishment of lien. (*McClain v. Hutton,* 131 Cal. 132, 61 Pac. 273, 63 Pac. 182, 622; *Hudson v. Wright,* 1 Ala. App. 433, 56 So. 258; *Dextor Horton Co. v. Sparkman,* 2 Wash. 165, 25 Pac. 1070.)

No pleading of any liens and no proof should have been received, and no labor liens should have been found or deducted. (*Arkansas R. Land etc. Co. v. Flinn,* 3 Colo. App. 381, 33 Pac. 1006; *Pilz v. Killingsworth,* 20 Or. 432, 26 Pac. 305; *McGlauflin v. Wormser,* 28 Mont. 177, 72 Pac. 428; *McPherson v. Hattich,* 10 Ariz. 104, 85 Pac. 731; *Ahlers v. Smiley,* 11 Cal. App. 343, 104 Pac. 997.)

The Campbell & Son mortgage was waived and released and not deductible as a lien. (*Knollin & Co. v. Jones,* 7 Ida. 466, 63 Pac. 638; *Bellevue State Bank v. Hailey Nat. Bank,* 37 Ida. 121, 215 Pac. 126; *Seat v. Quarles,* 31 Ida. 212, 169 Pac. 1167; *Bank of Roberts v. Olaveson,* 38 Ida. 223, 221 Pac. 560; *Carr v. Brawley,* 43 L. R. A., N. S., 302; *Adams v. Caldwell Milling & Elev. Co.,* 33 Ida. 677, 197 Pac. 723; *Everett v. Buchanan,* 2 Dak. 249, 6 N. W. 439.)

M. Reese Hattabaugh and F. E. Fogg, for Respondent.

Order of court allowing amendment to answer was granted in open court upon due hearing, upon reasonable terms; no abuse of discretion was shown and it should not be disturbed. (C. S., sec. 6726; *Pennsylvania Coeur d'Alene Min. Co. v. Gallagher,* 19 Ida. 101, 112 Pac. 1044; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629; *Trousdale v. Winona Wagon Co.,* 25 Ida. 130, 137 Pac. 372; *Idaho Placer Mining*

*Co. v. Green,* 14 Ida. 294, 94 Pac. 161; *Small v. Harrington,* 10 Ida. 499.)

Appellant's second mortgage amounted to no more than a right to redeem upon payment of first mortgage and was subject to all conditions of the first mortgage. (*Andrews v. Sarantakis,* 185 Ill. App. 382.)

Storage charges, with consent of mortgagee, are a prior lien. (*Schmidt v. Bekins Van Storage Co.,* 27 Cal. App. 667, 155 Pac. 647.)

All claims for wages of farm laborers deducted by court in determining plaintiff's damages were paramount existing liens at time of alleged conversion. (C. S., sec. 7372.) Liens vest from time of commencement of work. (*Anderson v. Great Northern Ry. Co.,* 25 Ida. 433, Ann. Cas. 1916C, 191, 138 Pac. 127; *Mine etc. Co. v. Idaho etc. Mines Co.,* 20 Ida. 300, 118 Pac. 301; *Grosbeck v. Barger,* 1 Kan. App. 61, 41 Pac. 204; *Central Trust Co. v. Richmond,* 68 Fed. 90, 15 C. C. A. 273, 41 L. R. A. 458.)

All labor allowed by court was lienable. (*Beckstead v. Griffith,* 11 Ida. 738, 83 Pac. 764.)

Filing notice is merely procedure for enforcement of vested liens and not necessary to warrant deduction in computing appellant's damages. (*Dunlop v. Kennedy,* 4 Cal. Unrep. 196, 34 Pac. 92; *Fosset v. Rockland Lbr. Co.,* 76 Kan. 428, 92 Pac. 833, 41 L. R. A., N. S., 918.)

Appellant acquired from the mortgagor, under its second mortgage, only a lien upon mortgagor's equity of redemption, subject to the performance by mortgagor of all its terms and the payment of all paramount liens, and its recovery must be limited to the value of its equity at the time of the alleged conversion. (*Andrews v. Sarantakis,* 185 Ill. App. 382; *Cassidy v. Harrelson,* 1 Colo. App. 458, 29 Pac. 525; *Keelin v. Postlewait,* 174 Ill. App. 71.)

Second mortgagee's damages were limited to value of his equity and unless market value of grain exceeded valid prior liens, appellant suffered no damages. (*Thompson v. Anderson,* 86 Iowa, 703, 53 N. W. 418; *Dempster Mill Mfg. Co. v. Wright,* 1 Neb. (Unof.) 666, 95 N. W. 806;

*Citizens Nat. Bank of Jamestown v. Osborn-MacMillan Elevator Co.,* 21 N. D. 335, 131 N. W. 266; *Lovejoy v. Merchants' State Bank,* 5 N. D. 623, 67 N. W. 956.)

WM. E. LEE, J.—Witherow, a farmer, mortgaged his portion of a crop to be grown on certain leased premises, during the season of 1921, to Campbell and later mortgaged the same crop to appellant subject to the Campbell mortgage. Certain persons had performed labor on the farm and in raising and harvesting the crop for which they had not been paid. At the direction of Campbell, Witherow sold the grain to respondent, a warehouse corporation, in whose warehouse it had been stored. Respondent deducted its warehouse storage charges and paid the balance to Witherow, who paid the labor claims and the Campbell mortgage. From a judgment in its favor for a portion of the amount claimed, appellant prosecutes this appeal and assigns a number of alleged errors, on account of which we are asked to direct the district court to enter judgment for the amount claimed. Only those assignments material to a determination of the appeal will be passed on.

[1] On the morning of the day the cause was set for trial, the court, over the objection of appellant, permitted an amended answer to be filed. The amended answer set up a defense and included denials not contained in the original answer. In allowing the amended answer to be filed, the court offered to postpone the trial until later in the term or to adjourn the term for two weeks and return and try the cause. Without suggesting any reason why either proposition made by the court was not agreeable or satisfactory, appellant proceeded to trial. It does not appear that the filing of the amended answer deprived appellant of any substantial right. Permitting the amended answer to be filed was a proper exercise of the court's discretion. (*Cady v. Keller,* 28 Ida. 368, 154 Pac. 629; *Trousdale v. Winona Wagon Co.,* 25 Ida. 130, 137 Pac. 372; *Idaho Placer Min. Co., Ltd., v. Green,* 14 Ida. 294, 94 Pac. 161.)

A jury having been waived, the trial court found that respondents converted the chattels, adjudged it liable in damages to appellant in a sum equal to the value of the grain, and no objection is made to the findings and judgment in this respect. The court found that appellant was damaged, by reason of the conversion of the grain, in an amount equal to the value of the grain less the amount of the prior mortgage on the grain, less certain warehouse charges of respondent, less the sums paid to divers persons for labor in harvesting, hauling and housing the grain, and general labor on the farm on which the grain was grown.

[2] With respect to the assignment that the court permitted a reduction of appellant's damages in the amount of the prior mortgage, appellant's mortgage was not only subsequent in time but was expressly made subject to the mortgage to Campbell. On a conversion of mortgaged chattels, a junior mortgagee is entitled to damages sufficient to compensate him for his actual loss. In this case, however, the value of the grain, as found by the trial court, did not equal the amount of both mortgages; it was less than the amount of the second mortgage but was greater than the amount of the first. The interest of the second mortgagee was the value of the grain, less the amount of the first mortgage; and his actual loss from the conversion of the grain was the value of the grain less the amount required to discharge the first mortgage. There was no error in allowing a reduction of appellant's damages by the amount of the Campbell mortgage. (*Nohrnberg v. Boley*, 42 Ida. 48, 246 Pac. 12; *Citizens' Nat. Bank v. Osborn-McMillan Elevator Co.*, 21 N. D. 335, 131 N. W. 266; *Lovejoy v. Merchants' State Bank*, 5 N. D. 623, 67 N. W. 956; *Thompson v. Anderson*, 86 Iowa, 703, 53 N. W. 418; *Berkner v. D'Evelyn*, 119 Minn. 246, 137 N. W. 1097; *Pierce v. Benjamin*, 14 Pick. (Mass.) 365, 25 Am. Dec. 396; *Dempster Mill Mfg. Co. v. Wright*, 1 Neb. (Unof.) 666, 95 N. W. 806; *Harrill v. Weer*, 26 Okl. 313, 109 Pac. 539; *Madden v. Walker*, 7 Kan.

App. 697, 51 Pac. 914; *First Nat. Bank of Heresford v. Dunlap* (Tex. Civ. App.), 159 S. W. 502; *Harris v. Grant,* 96 Ga. 211, 23 S. E. 390; 11 C. J. 605 and 620.)

[3] As to the warehouse charges for storage, respondent was a "warehouseman." The prior mortgage provided for the delivery of the grain to the first mortgagee "at the Farmers Union Warehouse at Fenn . . . . to be held . . . . " It was stipulated in appellant's mortgage that it was "Subject to mortgage . . . . to G. B. Campbell & Son." The covenant in the first mortgage that the grain would be delivered at the warehouse of respondent to be there held would certainly foreclose the first mortgagee from contending that he had not agreed to the storage of the grain. By making the second mortgage subject to the first mortgage, it was made subject to the provision in the first mortgage that the grain be delivered to the warehouse and there held. Appellant must be held, by having made its mortgage subject to the Campbell mortgage, to have thereby consented to the delivery of the mortgaged grain to the warehouse to be stored.

[4] A warehouseman has a lien "on goods deposited or on the proceeds thereof in his hands, for all lawful charges for storage . . . . of the goods; . . . . " (C. S., sec. 6145.) The statute does not make such a lien superior to that of the lien of a chattel mortgage on the stored goods. But a warehouseman's lien for storage takes precedence over the lien of a chattel mortgage where the mortgagee consents to the storage. (*Schmidt v. Perkins Van Storage Co.,* 27 Cal. App. 667, 155 Pac. 647. [5] The court did not err in allowing the deduction for storage charges.

[6] The trial court found that one Tilson under Witherow's employment, "performed labor upon the said farm lands generally and in such work did work on other portions of said farm lands not planted to crop for the year 1921, and built fencing, removed rocks from portions of the said land, cared for cattle and stock . . . . of Witherow,

and . . . . plowed and prepared a tract . . . . which was
not seeded at any of the times herein mentioned; and that
no separate account or record was kept of the work per-
formed upon the said crop. . . . . '' Tilson was paid $448
from the proceeds of the grain. No claim of lien was filed
by him. It is apparent from the findings that a portion
of the services rendered by Tilson was lienable and that a
portion of his services was not lienable. No record was
kept of lienable services and such services were not suffi-
ciently established by the evidence. In a recent decision,
*Wheatcroft v. Griffith,* 42 Ida. 231, 245 Pac. 71, this court
held:

''Where a farm laborer performs services for which he
is to be compensated under an entire contract embracing
both lienable and nonlienable items, he is only entitled to a
lien for the value of the lienable items when the value
thereof can be distinguished from the amount due for non-
lienable items. If the value of the lienable services cannot
be distinguished from the value of the nonlienable services,
the lien must fail. *Lee v. Lee,* 48 N. D. 971, 188 N. W. 43;
*Clark v. Brown,* 141 Cal. 93, 74 Pac. 548.''

Under the authority of *Wheatcroft v. Griffith, supra,* no
lien for the services of Tilson having been established, it
was error to deduct the sum paid him from the proceeds
of the crop.

[7] The court allowed the deduction of a sum paid
divers persons for labor furnished in ''harvesting and haul-
ing and housing'' the crop of grain, and it is contended that
this was error. At the time these persons were paid, sixty
days had not elapsed ''after the close of said work,'' C. S.,
sec. 7373, and they had not filed claims of liens. Respond-
ent contends that since the period for the filing of claims
of liens had not expired, these laborers had liens superior
to that of appellant's mortgage. In support of this position
respondent cites *Anderson v. Great Northern Ry. Co.,* 25
Ida. 433, Ann. Cas. 1916C, 191, 138 Pac. 127; *Groesbeck v.
Barger,* 1 Kan. App. 61, 41 Pac. 204; *Fossett v. Rock Island*

*Lumber & Mfg. Co.,* 76 Kan. 428, 92 Pac. 833, 14 L. R. A., N. S., 918; *Dunlop v. Kennedy,* 4 Cal. Unrep. 196, 34 Pac. 92; and *Central Trust Co. v. Richmond, N. I. & B. R. R. Co.,* 68 Fed. 90, 15 C. C. A. 273, 41 L. R. A. 458. These cases are in point and tend to sustain the trial court. However, the identical question was recently before this court, *Nohrnberg v. Boley,* 42 Ida. 48, 246 Pac. 12, and in a divided opinion on rehearing, it was held that sums paid laborers for harvesting a crop could not be deducted from the damages arising from a conversion of the crop, where claims of liens for such services had not been filed, even though in that case, as in this, the sixty day period for filing claims of liens had not expired. There can be no doubt that *Nohrnberg v. Boley, supra,* determined the identical question here presented; and, on the authority of that decision, it must be held that the trial court erred in deducting the sums paid these laborers.

In fairness to the trial court, it is proper to state that *Wheatcroft v. Griffith, supra,* and *Nohrnberg v. Boley, supra,* were decided after the entry of judgment in this case.

It would serve no useful purpose to direct a new trial, and would subject the parties to additional costs and expense. We have concluded, therefore, to reverse the judgment and remand the cause with instructions to make findings of fact and conclusions of law and enter judgment in favor of appellant for what was found to be the value of the grain, less the amount of the Campbell mortgage and the warehouse charges for storage.

Costs to appellant.

William A. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.