(No. 4721.   July 30, 1927.)

JOHN THOMAS, Appellant, v. F. L. STRADLEY, W. F. STRADLEY, THE FIRST NATIONAL BANK OF FILER, a Corporation, and THE O. J. CHILDS SEED COMPANY, Respondents.

[258 Pac. 546.]

AGRICULTURE—LABOR LIENS ON CROPS—DELAY IN FILING LIEN, EFFECT.

Under C. S., sec. 7373, relative to labor liens on crops, claim of lien filed 60 days after last labor was performed on crops was too late, notwithstanding that laborer performed other work

thereafter, since phrase in such section fixing time of filing claim as 60 days after close of work or labor means lienable labor, and not other work performed thereafter.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action to foreclose farm laborer's lien on crops. Judgment for defendants. *Affirmed.*

J. H. Barnes, for Appellant.

The farm laborer's lien law is a remedial statute, and must be liberally construed so as to effect the purpose for which it was enacted and to promote justice. (C. S., sec. 9444; *Phillips v. Salmon River Min. & Dev. Co.,* 9 Ida. 149, 72 Pac. 886; *Thompson v. Wise Boy Min. & Mill. Co.,* 9 Ida. 363, 74 Pac. 958; *Abernathy v. Peterson,* 38 Ida. 727, 225 Pac. 132.)

The primary object sought to be effected by our laborer's lien laws is to protect the laborer, and the rule of the common law that the lienor is given his lien because his labor has contributed to the value of the object against which his lien is filed does not apply in the case of these remedial statutes. (*Thompson v. Wise Boy Min. & Mill Co., supra; Chamberlain v. City of Lewiston,* 23 Ida. 154, 129 Pac. 1069.)

The provision of the farm laborer's lien law that the claim of lien must be filed "within 60 days after the close of said work or labor" refers to the termination of the whole period of the contract of employment under which the laborer works, either in tilling the soil or in caring for the crops, or both, and not to the termination of his labor upon any particular crop. (C. S., secs. 7372 and 7373.)

Publisher's Notes.

See Agriculture, 2 C. J., sec. 69, p. 1009, n. 40; sec. 82, p. 1012, n. 87.

Where a farm laborer enters into a contract of employment - for the entire season, and works continuously on a farm from early in the spring until late in the fall, his contract of employment cannot be broken up into a number of separate contracts, whereby he will be obliged to segregate the time spent by him in working on each of several crops and to file his claim of lien against each separate crop within 60 days of the time he ceased to perform labor thereon. (*Abernathy v. Peterson, supra.*)

Stephan & North, for Respondent O. J. Childs Seed Co.

Lien laws are in derogation of the common law, and, although they should be liberally construed with a view to effecting their object, their operation will not be extended for the benefit of those who do not clearly come within the terms of the act. (C. S., secs. 7372, 7373, as amended by chap. 33 of 1923 Sess. Laws; *Gem State Lumber Co. v. Witty*, 37 Ida. 489, 217 Pac. 1027; *Wheatcroft v. Griffiths*, 42 Ida. 231, 245 Pac. 71; *Vollmer-Clearwater Co. v. Union Warehouse & Supply Co.*, 43 Ida. 37, 248 Pac. 865.)

Where a farm laborer fails to file his claim of lien within 60 days after the close of his work or labor, on that year's crops, he loses his right to file a lien, and a purported lien filed thereafter is absolutely void. (C. S., sec. 7373, as amended by chap. 33, 1923 Sess. Laws; *Gem State Lumber Co. v. Witty, supra; Norhnberg v. Boley*, 42 Ida. 48, 246 Pac. 12; *Vollmer-Clearwater Co. v. Union Warehouse & Supply Co., supra; Valley Lumber Co. v. Nickerson*, 13 Ida. 682, 93 Pac. 24.)

The performance of nonlienable services, after the cessation of the lienable services, does not extend the time within which to file a claim for the lienable services, but the time within which to file a lien for services begins to run from the time of the cessation of the lienable services. (*Benson v. Olson*, 4 Alaska, 349; *Gem State Lumber Co. v. Witty, supra; Valley Lumber etc. Co. v. Nickerson, supra.*)

McNAUGHTON, Commissioner.—The facts in this case are not in dispute. It is claimed under the facts the conclusions of law and judgment entered are erroneous. The facts found disclose appellant was hired as a farm laborer upon a monthly wage for the season of 1924. The crops grown that year consisted of hay, wheat, corn, barley and beans. Appellant performed labor upon these crops first upon one then another through the season and up until the second day of October. At this time all of said crops had been harvested and housed and no labor was performed on any of the 1924 crops after this date. However, appellant, under his original contract of employment, continued to work upon the farm doing fall plowing and other work in preparation for the next year's crop, until November 28th, when he quit work. On January 2, 1925, appellant had been paid only $55.05 of his season's wages, and on that date filed claim of farm laborer's lien against the 1924 crops. This action is for the foreclosure of that lien claim.

Respondents, F. L. Stradley and W. F. Stradley, are parties as the owners of the farm and as appellant's employers. The O. J. Childs Seed Company is a party as a subsequent purchaser of the bean crop, and the First National Bank of Filer as mortgagee of that crop.

Upon these facts, the court entered a money judgment against the Stradleys but denied the lien claim. The case is here on appeal upon assignments of error questioning the legal conclusion of the trial court.

The first and most serious question arising is whether the lien claim was filed in time. The last labor performed on the beans or any of the 1924 crops was on October 2d. The lien was filed January 2, 1925. This was three months after work upon any of the 1924 crops closed, but only 37 days after claimant ceased to work upon the farm.

C. S., sec. 7373, provides in part:

"Any person claiming the benefit of this article must, within sixty days after the close of said work or labor, file for record with the county recorder of the county in which

44 Idaho—38

said work and labor was performed, a claim which shall be in substance in accordance with the provisions of section 7362.''

It is appellant's contention that he was entitled to a lien on the 1924 crops for general labor performed upon the farm; that it is not necessary that the labor for which lien be claimed be all directed toward or connected with the production of the crop or crops liened; that the general work performed upon the farm after the crops were harvested and housed is within the statute; that the provision of the statute allowing 60 days ''after the close of said work or labor'' in which to file a lien refers to the termination of the whole period of the contract of employment and not to the termination of his labor upon any particular crop.

The trouble with this premise is that this court in *Wheatcroft v. Griffiths,* 42 Ida. 231, 245 Pac. 71, and *Vollmer Clearwater Co. v. Union Warehouse Co.,* 43 Ida. 37, 248 Pac. 865, held the crops were not lienable for general work upon the farm which was not connected in any way with their production. The findings, which are admitted to be correct, were to the effect that the labor performed after October 2, 1924, had nothing to do with the 1924 crop. It follows, then, that the phrase in C. S., sec. 7373, fixing the time of filing lien, to wit: ''within 60 days after the close of said work or labor,'' if it means lienable labor, and we think it does, must be construed in this case as referring to the labor that closed on October 2d; and that the trial judge was right in his conclusion that the claim of lien filed January 2, 1925, was filed too late. The lien being void because filed too late, it is not necessary to consider the other point in the case.

We recommend that the judgment be affirmed, with costs to respondents.

Varian and Brinck, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court and the judgment is affirmed, costs awarded to respondent.