339 P.2d 986

Gerald BROOKBUSH, Plaintiff-Appellant,

v.

Steven HATCH, Joseph Hatch, Harvey Hatch, d/b/a Hatch Bros., R. C. Weber, and Farmers Home Administration, a subdivision of the United States Department of Agriculture, Defendants-Respondents.

No. 8753.

Supreme Court of Idaho.

May 26, 1959.

Anderson & Beebe, Blackfoot, for respondent R. C. Weber.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondents Hatch Bros.

A. A. Merrill, Idaho Falls, for appellant.

PORTER, Chief Justice.

Respondents, Hatch Bros., are the owners of a certain farm located in Bingham County. They rented this farm for the crop season of 1956, to one J. M. Brookbush, and reserved as rent one-third of all crops raised on the premises. At the same time, J. M. Brookbush executed a chattel mortgage to Hatch Bros., covering all crops to be grown on said farm by said Brookbush in the sum of $6,500; and such mortgage was duly recorded in the office of the Recorder of Bingham County.

J. M. Brookbush, among other crops, raised a crop of potatoes. The potatoes, when harvested, were stored in a cellar on the premises.

Appellant, Gerald Brookbush, is the son of J. M. Brookbush. Appellant was employed by his father and worked at general farm work on the farm during the season of 1956. On March 5, 1957, he filed a purported claim of lien in Bingham County against such crop of potatoes, alleging that there was still due and owing to him wages in the sum of $1,725.

Sales of potatoes were made from time to time by J. M. Brookbush and distribution of the proceeds made between J. M. Brookbush and Hatch Bros. Such sales and distributions of the proceeds were made without controversy until the last sale was made to the respondent, R. C. Weber, in the sum of $3,890. Respondent, Weber, issued a check for $2,000 to J. M. Brookbush. Such respondent did not make any payment on such potatoes to respondents, Hatch Bros., but retained possession of the balance of $1,890.

Appellant filed an action to foreclose his purported farm laborer's lien. He named only his father, J. M. Brookbush, as defendant. At the time such suit was filed the final sale of the potatoes had been made. Appellant was granted a money judgment for the amount of his lien claim against his father and such judgment declared to be a lien on the unpaid proceeds of the final sale of the potatoes.

Appellant sought by execution and garnishment to reach that part of the purchase price of the potatoes still in the hands of respondent, R. C. Weber. Respondent Weber answered, admitting the possession of the funds but alleging the existence of the other liens and claims against such funds. Thereafter, by order of the court in ancillary proceedings, appellant was authorized to bring this action to determine who was entitled to such funds.

The action has been dismissed against defendant, Farmers Home Administration, a

subdivision of the United States Department of Agriculture, which is no longer a party.

Appellant claims that by virtue of his farm laborer's lien and the foreclosure thereof, appellant is entitled to judgment against the respondent, R. C. Weber, in the sum of $1,965. Appellant further claims that if his claim under his lien foreclosure is ineffectual, that he is entitled to the $1,890.90 still in the hands of respondent Weber by reason of appellant's levy under his execution.

Respondents, Hatch Bros., claim that they were entitled to receive as rent one-third of the $3,890.90, the sale price of the potatoes, in the sum of $1,296.96. Deducting this sum from the $1,890.90 in the hands of respondent Weber, would leave a balance of $593.94.

Respondents, Hatch Bros., also claim this $593.94 by virtue of their chattel mortgage on such potatoes.

Respondent, R. C. Weber, does not claim to own any of the unpaid balance of the purchase price of the potatoes but holds the same subject to the order of the court as to who is the owner thereof.

The cause was tried to the court sitting without a jury and resulted in a judgment in favor of Hatch Bros. to $1,296.96 of the moneys in the hands of respondent Weber as rent, and for the remaining $593.94 in the hands of Weber, by virtue of the lien of their chattel mortgage. Appellant has appealed to this court.

Appellant first complains about the procedure used by the court in the trial of the cause, and suggests that he was entitled to a trial by jury. The procedure pursued by the trial court was quite irregular and it is so admitted by respondents, Hatch Bros. However, appellant without objection participated in the trial and in the procedure adopted by the court and at the end of the trial, was specifically given an opportunity to submit additional evidence if he so desired. Under such circumstances, appellant cannot now urge that the court's method of procedure amounted to reversible error.

Appellant complains of the finding by the trial court that appellant's purported farm laborer's lien was ineffectual and invalid. The material part of the lien reads as follows:

"Notice is Hereby Given: That Gerald Brookbush claims a lien upon all of the potatoes grown by J. M. Brookbush and now stored in the following described cellar located on the following described real estate:

"Potato cellar 42 x 140 feet N½ of Section 18, Township 3, South Range 32, E. B. M., Bingham County, Idaho.

"That the said Gerald Brookbush worked on the above described farm from the 1st day of March, 1956, until the 18th day of December, 1956, at an agreed wage of $275.00 per month; that the said J. M. Brookbush employed the said claimant to perform farm labor and render such assistance upon the following terms, towit: that the said J. M. Brookbush promised and agreed to pay the claimant the sum of $275.00 per month amounting to a total sum of $2,475.00; that no part of said amount has been paid except the sum of $750.00."

The court held that the purported claim of lien was defective and invalid, as it failed to show upon what land the potatoes upon which the lien was claimed were grown; failed to show what labor claimant performed upon such crop other than the general statement that he was employed as a general farm laborer, and failed to state that claimant's labor was in anywise connected with the growing of the potatoes. The ruling of the trial court in this respect was correct. Wheatcroft v. Griffiths, 42 Idaho 231, 245 P. 71; Vollmer Clearwater Company, Ltd. v. Union Warehouse & Supply Company, Ltd., 43 Idaho 37, 248 P. 865; Thomas v. Stradley, 44 Idaho 590, 258 P. 546; Christman v. Salway, 103 Or. 666, 205 P. 541; McCormack v. Bertschinger, 115 Or. 250, 237 P. 363.

It is not seriously contended by appellant that the claim of the landlords for one-third share of the crop proceeds as rent is not superior to any lien acquired by appellant by virtue of his execution. Deducting this rent from the money in the hands of the respondent Weber as we have noted leaves only $593.94 additional to be considered. Appellant's claim to this money by virtue of his execution and garnishment, would be inferior as found by the court to the lien of respondents, Hatch Bros., upon such funds by virtue of their chattel mortgage, and the trial court did not err in so finding.

No reversible error having been committed by the trial court, the judgment is affirmed. Costs awarded to respondents.

TAYLOR, SMITH, KNUDSON and McQUADE, JJ., concur.