(67 Misc. Rep. 458.)

## LUDWIG, BAUMANN & CO. v. ROTH.

(Supreme Court, Appellate Term. May 24, 1910.)

CHATTEL MORTGAGES (§ 138*)—PRIORITIES—LIEN OF WAREHOUSEMAN.

The right to possession of a mortgage of personalty, under a mortgage, duly filed, giving that right on any default of the mortgagor, is superior to the lien of a warehouseman, with whom the mortgagor has stored the goods, under General Business Law (Laws 1909, c. 25 [Consol. Laws, c. 20]) § 113, subd. "b," allowing enforcement of such a lien against goods, irrespective of ownership, where the person storing them had been so intrusted with them that a pledge of them to a pledgee in good faith, for value, would be valid, since the mortgage, being duly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

filed, would be constructive notice to a pledgee, so that the warehouseman was not within the statute.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 236; Dec. Dig. § 138.*]

Appeal from City Court of New York, Trial Term.

Action by Ludwig, Baumann & Co. against Robert C. Roth. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and BIJUR, JJ.

Shepard & Prentiss, for appellants.

J. Wilson Bryant, for respondent.

SEABURY, J. This is an action to recover damages for the alleged conversion of household furniture. The answer is a general denial, and pleads that the defendant had a lien for $44 upon the goods. The plaintiffs sold to one Adler certain household furniture, which Adler stored with the defendant, who was engaged in the storage warehouse business. Adler paid the storage charges up to October 6, 1907. The plaintiffs demanded the goods of the defendant on November 7, 1908. The plaintiffs originally sold the goods to Adler subject to a chattel mortgage which gave them the right to possession upon any default upon the part of Adler.

The defendant claims a lien upon the goods by virtue of subdivision "b" of section 113 of the general business law (Laws 1909, c. 25 [Consol. Laws, c. 20]). This statute provides that a warehouseman's lien may be enforced "against all goods belonging to others which have been deposited at any time by the person who is liable as debtor for the claims in regard to which the lien is asserted, if such person had been so intrusted with the possession of the goods that a pledge of the same by him at the time of the deposit to one who took the goods in good faith for value would have been valid." Adler, who deposited the goods with the defendant, was not such a person as is included within the provisions of the statute giving to warehousemen a lien upon goods deposited with them. Adler's possession of the goods was not such that a pledge of them by him would have been valid, even if the pledgee took the goods in good faith for value.

The goods were subject to a mortgage, and under the mortgage the title to the goods was in the plaintiffs. Baumann v. Post, 12 N. Y. Supp. 213; Hazlett v. Hamilton Storage & Warehouse Co., 47 Misc. Rep. 660, 94 N. Y. Supp. 580; Leadbetter v. Leadbetter, 125 N. Y. 290, 26 N. E. 265, 21 Am. St. Rep. 738. The filing of the mortgage was constructive notice to the defendant that the title to the goods was in the plaintiffs. Baumann v. Post, supra. Adler had no power to subject the plaintiffs' title to the goods to a prior lien by any contract which he made with the defendant, and the statute upon which the defendant relies gives him no lien as against the claim of the plaintiffs.

It follows, therefore, that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes