**HOLLOWAY v. MERCHANTS' TRANSFER CO. (No. 7103.)**

Court of Civil Appeals of Texas. Austin.
May 11, 1927.

1. **Warehousemen** ⬤⟿33—**Personal judgment foreclosing warehouseman's lien against chattel mortgagee, for warehouseman who stored furniture without mortgagee's knowledge, held error.**

It was error to render personal judgment in favor of a warehouseman foreclosing its lien on furniture stored with it against a chattel mortgagee, where the warehouseman stored furniture without the mortgagee's knowledge or authority.

2. **Chattel mortgages** ⬤⟿138(1)—**Claim of warehouseman who stored furniture found in street after removal by landlord held inferior to prior recorded chattel mortgage.**

Claim of warehouseman, who at request of police stored tenant's furniture found in street before house from which it had been removed by landlord, held inferior to prior recorded chattel mortgage on furniture.

3. **Chattel mortgages** ⬤⟿138(1)—**Recorded chattel mortgage held good against claim of warehouseman who, by ordinary diligence, could have learned ownership thereof.**

Recorded chattel mortgage on furniture described as in rooms of hotel held valid against warehouseman, who, after landlord had placed it in street, stored it at request of police without knowing name of owner, since he could have ascertained ownership by inquiry.

4. **Appeal and error** ⬤⟿174—**Error, if any, in permitting suit by individual in name of unincorporated entity held harmless, in absence of objection in trial court.**

Error, if any, in permitting a suit brought in name of an unincorporated entity, which pleadings and judgment showed was composed of a single individual, to proceed, in absence of objection in trial court to plaintiff's capacity to sue in that name, was mere irregularity and harmless.

Appeal from Travis County Court; Geo. S. Matthews, Judge.

Action by the Merchants' Transfer Company, a firm composed of M. E. Horner, against Mrs. R. R. Holloway and others, in which defendant named filed a cross-action. Judgment for plaintiff, and the defendant named appeals. Reversed and remanded with instructions in part, and in part undisturbed.

Cofer & Cofer, of Austin, for appellant.
Geo. S. Dowell, of Austin, for appellee.

McCLENDON, C. J. The Merchants' Transfer Company, described in its petition and in the judgment as "a firm composed solely of M. E. Horner," obtained judgment against the city of Austin for $48.50 and Mrs. Holloway for $270, personally, and against Mrs. Holloway and Mrs. Martin, foreclosing a "warehouseman's lien and equitable lien" upon various articles of household furniture. Mrs. Holloway has appealed from the judgment against her.

The facts are without dispute. The furniture in question was in a building fronting on Congress avenue in the city of Austin, known as the Riverside Hotel. On March 1, 1925, Mrs. Holloway, the then owner of the furniture and lessee of the building "sold out" to Mrs. Martin, who took possession and ran the hotel. On the same day

Mrs. Martin executed a chattel mortgage on the furniture in favor of Mrs. Holloway, to secure a $600 note, payable in monthly installments. This mortgage, which was duly recorded on March 16, 1925, gave the following description of the mortgaged property:

"The Riverside Hotel located at No. 121½ Congress Avenue, Austin, Travis County, Texas, together with the furniture in rooms Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 conveyed by said Mrs. Holloway to said Mrs. Martin, lease and good will."

Mrs. Holloway filed suit against Mrs. Martin on March 25, 1925, and on April 7, 1925, obtained judgment upon her note and foreclosing her chattel mortgage. Some time prior to June 1, 1925 (date not shown), the owners of the building obtained a judgment against Mrs. Holloway and Mrs. Martin in forcible entry and detainer; and by virtue of a writ issued thereunder the constable placed all of the furniture on the sidewalk in front of the building, where it remained until June 1, 1925. On that date the transfer company took charge of it, placed it in its warehouse for storage, and issued warehouseman's receipts in the name of the Austin police department. This was done at the request of the chief of police, under assurance that the city would pay the charges. On June 2, 1925, the property was levied on under Mrs. Holloway's foreclosure judgment, but it was not taken from the possession of the transfer company. Mrs. Holloway bought in the property under this levy on June 16, 1925. Neither Mrs. Martin nor Mrs. Holloway had anything to do with turning the property over to the transfer company. So far as Mrs. Martin is concerned, the record is entirely silent as to any connection with the transaction after the property was placed in the street. Mrs. Holloway had no knowledge that the transfer company had taken the property until after it was placed in the warehouse and about the time of the sheriff's sale to her. Prior to the levy, the transfer company had no knowledge of the ownership of the property or of the existence of the chattel mortgage.

The suit was brought by the transfer company against the city, Mrs. Holloway, and Mrs. Martin. Mrs. Holloway filed a cross-action seeking foreclosure of her chattel mortgage lien. She also sought damages for detention of the property, but as to this item she took a nonsuit. The trial was to the court without a jury, and the judgment was as stated above; the amount against the city being for expense in moving the furniture, and that against Mrs. Holloway for storage only.

Appellant asserts four propositions which we will consider without reference to the order in which they are presented in the brief.

[1] By her third proposition it is contended that there is no basis for a personal judgment against her. This is practically conceded by appellee, and is sustained. Mrs. Holloway had nothing to do with placing the property in the hands of the warehouseman, and under no conceivable theory can she be held obligated to the plaintiff for the storage.

[2] Another contention, embodied in the first and second propositions, is that the chattel mortgage was superior to any lien or claim upon the furniture asserted by the transfer company. This proposition is also sustained upon the following authorities: Hedeman v. Newnom, 109 Tex. 472, 211 S. W. 968; American, etc., Co. v. Nichols, 110 Tex. 4, 214 S. W. 301; Commercial Credit Co. v. Brown (Tex. Com. App.) 284 S. W. 911.

[3] Appellee, while conceding that the mortgage was valid as between Mrs. Martin and Mrs. Holloway, contends that it was void as to it on account of want of proper description of the mortgaged property after it was removed from the rooms in the building and placed upon the public street. We think this proposition is without merit. Appellee did not get the property from Mrs. Martin, the owner, nor under such circumstances as to be in the attitude of an innocent lienholder for value. It voluntarily took the property at the instance of the Austin chief of police, knowing that it belonged to some one other than the city authorities, but without knowing to whom. Any sort of reasonable inquiry would have disclosed the fact that the property had been removed by the officer from the building in front of which the transfer company found it, under a writ against both Mrs. Martin and Mrs. Holloway. The means of ascertaining both the ownership of the property and the place from which it had just been removed were readily available, and an examination of the chattel mortgage records, in the light of the circumstances under which the property was placed in the public street, would have disclosed Mrs. Holloway's chattel mortgage lien.

Conceding the general rule contended for by appellee, it has no application here. The case comes clearly within the maxim to the effect that that is certain which may be made certain.

[4] The only other contention urged by appellant is:

"Suit cannot be maintained in the name of an unincorporated entity composed of a single individual but such suit must be brought in the name of the individual."

This contention was not made in the court below, and is urged here for the first time as fundamental error. As an abstract proposition of law, it may be conceded, but as applied to this case it has no merit. The

pleadings and judgment clearly showed that Horner was sole owner of the concern, and in effect the judgment was in his favor as such. The error complained of is at most an irregularity, which has nothing to do with the validity of the judgment or any right of the appellant and is manifestly harmless. The proposition is overruled.

As to Mrs. Holloway, the trial court's judgment is reversed and the cause remanded, with instructions to render judgment in her favor on plaintiff's claim and foreclosing as against the plaintiff her chattel mortgage upon the furniture for the amount due upon her judgment against Mrs. Martin. In other respects the trial court's judgment is undisturbed.

Reversed and remanded with instructions in part, and in part undisturbed.