BUCKLEY-NEWHALL Co., INC., Plaintiff, *v.* HOWARD R. BANGS and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Eighth District, September 6, 1927.

Mortgages — chattel mortgage — foreclosure in Municipal Court of New York — warrant of seizure — affidavit which shows disappearance of mortgagor and concealment of property is sufficient — five-day notice not necessary under Municipal Court Code, § 72 — defendant storage company has lien for storage on goods covered by filed mortgage from date plaintiff authorized it to hold them — said defendant has lien on property covered by mortgage not filed for all storage charges.

The plaintiff mortgagee is suing to foreclose chattel mortgages on chattels in the possession of the defendant storage company. A part of the chattels was covered by a mortgage that was properly filed and the remainder of the property was covered by a mortgage that was not properly filed. All of the goods were placed in storage by the mortgagor after a default on the mortgage. The contention by the defendant storage company that the court did not obtain jurisdiction of the mortgagor or of the property seized because the affidavit on an application for a warrant of seizure failed to set forth facts showing that reasonable inquiry had been made to ascertain the whereabouts of the mortgagor cannot be sustained. The affidavit shows that the mortgagor disappeared and that reasonable inquiry had been made for him and it also shows that the property was secreted without the consent of the mortgagee. Either of these grounds is sufficient for the court to dispense with the service of a five days' notice under section 72 of the Municipal Court Code.

As to the property which was covered by the mortgage that was properly filed, the plaintiff would be entitled to the possession thereof without the payment of storage charges. However, since the plaintiff requested the storage company

to hold the property subject to the lien of the mortgage, at a time when the plaintiff had the sole right to the possession thereof, the storage company is entitled to recover storage charges from the time of the request and has a lien on the property for said charges.

As to the property covered by the mortgage that was not properly filed, the storage company is entitled to the lien thereon for the entire charges.

ACTION brought by the plaintiff corporation to foreclose two chattel mortgages given by the defendant Bangs to secure the purchase of certain household furniture heretofore sold by the plaintiff to the defendant Bangs.

*Hyman & Hyman* [*Sol A. Hyman* of counsel], for the plaintiff.

*Samuel Hoff*, for the defendant Manhattan Storage Warehouse Company, Inc.

PRINCE, J. The mortgages are respectively dated November 1, 1926, and November 10, 1926. The first mortgage was regularly and duly filed in the office of the register of the county of New York on the 22d day of November, 1926. The latter mortgage, which was given to secure the purchase price of a Cogswell chair of the value of forty-nine dollars and fifty cents, was not filed.

All the chattels were placed in storage with the defendant Manhattan Storage Warehouse Company, Inc., who, at the time of the bringing of this suit, claimed there was due, as storage charges, forty-nine dollars and thirty-two cents, and at the time of the trial this amounted to about fifty-three dollars.

The evidence clearly shows the default in payment by the defendant Bangs on January 13, 1927, by reason of which the plaintiff claims it was entitled to the immediate possession of the chattels on January 14, 1927, and that title was absolutely vested in it, so that when Bangs, on January 18, 1927, placed these chattels with the warehouse company, he was in default and was placing the plaintiff's property in possession of the defendant storage warehouse.

The defendant Bangs was not served in this action, having left the State. Copies of the necessary papers were served by the marshal upon the defendant Manhattan Storage Warehouse Company, Inc. The answer of this defendant sets up a counterclaim for its storage charges, for which it claims to have a lien prior to that of the plaintiff.

Upon the trial the defendant warehouse company moved to dismiss the complaint on the ground that the court had not obtained jurisdiction of the defendant Bangs, or of the property seized under the warrant of seizure, because the affidavit upon which the warrant was granted was wholly insufficient, in that it failed to set forth facts

showing that reasonable inquiry had been made to ascertain the whereabouts of the defendant Bangs, and on the further ground that no order had been made dispensing with the service of the five days' notice required under section 72 of the Municipal Court Code, which motion was denied.

This contention of the defendant warehouse company is untenable, for the reason that the affidavit upon which the warrant was granted shows that the whereabouts of the mortgagor is unknown, although reasonable inquiry has been made, and for the further reason that the chattels have been secreted without the consent of the mortgagee. Either of these two grounds, which the plaintiff has stated in his affidavit, is sufficient for the court, in its discretion, to dispense with the service of a five days' notice and, therefore, the court obtained jurisdiction of the chattels referred to in the said warrant.

On February 3, 1927, the plaintiff wrote to the defendant Manhattan Storage Warehouse Company, Inc., requesting it to hold said chattels subject to its lien. (Defendant's Exhibit A.)

The plaintiff was entitled to possession of the goods and the right to remove them, and it exercised this right by giving notice to the defendant warehouse company, as hereinbefore stated and, therefore, the plaintiff became liable for the storage charges thereafter accruing.

It is not necessary for this liability to attach that the plaintiff should have taken actual possession of the property stored. Constructive possession, or any act done indicating a purpose to take control or management of the property, makes the party liable for the subsequent storage of the property.

*New York Dock Co.* v. *Baker & Co.* (201 N. Y. Supp. 702; erroneously cited in defendant's brief as 201 N. Y. Supp. 540) fixes the liability of the plaintiff herein for the storage charges accruing subsequent to February 3, 1927. That case is authority for the proposition that where a party having the sole right to possession of the goods stored and the sole right to remove them, and having voluntarily left them with the warehouseman for his own convenience, a *prima facie* case for the recovery of the storage charges was established and gives the warehouseman a lien upon the goods for these storage charges.

The case of *Ludwig, Baumann & Co.* v. *Roth* (67 Misc. 458), relied upon by the plaintiff, has no application to the case at bar, as in the former case the warehouseman refused to deliver the goods to a prior lienor unless the storage charges were paid. In the instant case the prior lienor asked the warehouseman to hold the goods subject to its lien.

It is elementary that the plaintiff having neglected and failed to file its chattel mortgage with respect to the Cogswell chair, the lien of the defendant is superior to that of the plaintiff as to this chair.

I hereby find and decide that, after trial, the plaintiff is entitled to judgment awarding it the chattels covered by the mortgage dated November 1, 1926, subject to the lien of the defendant of storage charges amounting to fifty-three dollars, and the defendant is further entitled to judgment awarding it the possession of the Cogswell chair until all the storage charges due upon it are paid.