SECOND JUDICIAL DISTRICT OF BERGEN COUNTY.

BLOOMINGDALE BROTHERS, INCORPORATED, PLAINTIFF, v. ROSA COOK AND GEORGE B. HOLMAN COMPANY, INCORPORATED, DEFENDANTS.

Submitted June 10, 1930—Decided October 30, 1930.

For the plaintiffs, *McDermott, Enright & Carpenter*.

For the defendant George B. Holman Company, Incorporated, *Stanton T. Lawrence*.

KIPP, J. The above matter was tried on Tuesday, June 10th, 1930. The plaintiff offered in evidence a conditional sales contract between itself and one Rosa Cook, dated August 19th, 1927. By the terms of said contract, Bloomingdale Brothers, Incorporated, sold, and the said Rosa Cook purchased, one Walters player piano, and the said contract further provided that title to the said chattel should remain in Bloomingdale Brothers, Incorporated, until the full amount of the agreed purchase price should have been paid. This contract was admitted in evidence and marked *Exhibit "P-1."*

Plaintiff then showed that the said Rosa Cook did not make payments in accordance with said contract, but that she was in arrears thereunder and owed a balance of $362. Plaintiff then produced a certificate of the clerk of Bergen county, to which was annexed a copy of the said contract, to the effect that a true copy of said contract was filed in his office on September 2d, 1927. Said certificate was admitted in evidence and marked *Exhibit "P-2."*

Demand for possession of said instrument and due service of replevin papers was admitted by counsel for the defendant George B. Holman Company, Incorporated.

On behalf of defendant Holman and company, Henry Holman, its Hackensack manager, testified that his company was engaged in the business of storage warehousemen, and as such, on September 25th, 1929, received from Rosa Cook the items herein sought to be replevined. There was offered in evidence on behalf of the defendant the standard warehouse declaration, signed by Rosa Cook, that the goods placed in storage were the sole and exclusive property of the said Rosa Cook (marked *Exhibit "D-1"*), and the standard form of non-negotiable warehouse receipt was issued to the said Rosa Cook under the statute, which receipt has never been surrendered; that the goods have remained in storage until replevined in the month of May, this year. Just prior to the institution of replevin suit, the defendant was notified by plaintiff's attorney that a conditional bill of sale existed on the piano and not to permit the piano to be removed without the authority of the plaintiff; that charges against the goods for handling and storage were thirty dollars ($30), which is the standard charge, and that the same has not been paid nor tendered to defendant, but is still due and owing.

The validity and operation of any terms as set forth in *Exhibit "D-1"* will, of course, depend upon the law as enacted in the Warehouse Receipts act and Conditional Sales act of this state. It is contended by plaintiff that under the circumstances above set forth, the title and property right of the conditional vendor who has duly recorded his conditional sales contract is paramount to the lien of a warehouseman with whom the chattel in question is stored after the filing of said contract.

2 *Cum. Supp. Comp. Stat.,* §§ 182, 190, *subdiv.* 4, of the Conditional Sales act of this state reads as follows:

"Every provision in a conditional sale reserving property in the seller after possession of goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided."

The exception with which we have to deal is as follows (2 *Cum. Supp. Comp. Stat.,* §§ 182, 191, *subdiv.* 5) :

"Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, *before the contract or a copy thereof shall be filed as hereinafter provided,* unless such contract or copy is so filed within ten days after the making of the conditional sale."

It will be noted that a warehouseman does not fall under any of the classifications protected by this section. He is not a purchaser from nor is he a creditor of the buyer, who, without notice "purchases the goods or acquires by attachment or levy a lien upon them." This, however, is merely incidental, since the contract in the instant case *was filed* with the county clerk prior to the deposit of the chattel in question with the defendant. Sections 182 to 191 makes void the reservation of title only where the purchase is made or lien acquired " * * * before the contract or a copy thereof shall be filed. * * *." This section then continues with "* * * unless such contract or copy is so filed within ten days after the making of the conditional sale." This provision gives the conditional vendor absolute protection for a period of ten days after making the contract. During such period no one could get title to or acquire a lien upon the chattel even though a purchase or levy were made before such filing provided the contract is filed within the designated ten-day period. This phrase does not by any means have the effect of limiting a conditional vendor to the filing of his contract within ten days after the making thereof, in order that he may be protected at all by such filing. A conditional vendee is protected even though his contract is filed more than ten days after its making, provided that it is filed before the right of any intervening party accrues. *Morey & Co.* v. *Schaad,* 98 *N. J. L.* 799.

It seems clear therefore that under the Conditional Sales act of this state no one could acquire title to or a lien upon the chattel in question superior to the title and property right

of the plaintiff where the title or lien of such third party accrued subsequent to the filing of such conditional sales contract.

If the defendant George B. Holman Company, Incorporated, is to prevail it must be by virtue of the Warehouse Receipts act. Section 28 of this act (4 *Comp. Stat., p.* 5781), reads as follows:

"Subject to the provisions of section 30, a warehouseman's lien may be enforced—

(a) Against all goods, whenever deposited, belonging to the person who is liable as debtor for the claims in regard to which the lien is asserted; and

(b) Against all goods belonging to others which have been deposited at any time by the person who is liable as debtor for the claims in regard to which the lien is asserted, *if such person had been so intrusted with the possession of the goods that a pledge of the same by him at the time of the deposit to one who took the goods in good faith for value would have been valid."* Pamph. L. 1907, *p.* 348.

Subdivision B of this section pertains to the lien that a warehouseman may obtain upon goods belonging to others than the depositor thereof. The Conditional Sales act of this state protects the title of Bloomingdale Brothers, Incorporated, especially in view of the fact that a copy of the conditional sales contract was duly filed before the chattel in question was deposited. Our present situation is therefore one in which the depositor deposits goods belonging to another. Subdivision B of section 28 is to the effect that a warehouseman's lien may be enforced as to such goods only if such depositor "* * * had been so intrusted with the possession of the goods that a pledge of the same by him at the time of the deposit to one who took the goods in good faith for value would have been valid."

There can be no doubt whatsoever that a pledge of the chattel in question by the depositor, Rosa Cook, would not have been valid as against Bloomingdale Brothers, Incorporated, under the Conditional Sales act of this state.

The defendant brought out in evidence that there was a non-negotiable receipt outstanding. This fact was not urged as a defense to the obligation of the warehouseman to surrender the chattel to the conditional vendor.

There do no appear to be any cases covering this specific point in this state. We find the following decision in New York state where there is a Uniform Warehouse Receipts act which is similar to the New Jersey act. 5 *Am. Dig.,* p. 138; *N. Y. Supp.,* 1910. The right of a mortgagee to possession of personalty, under a mortgage, duly filed, giving that right on any default of the mortgagor, is superior to the lien of a warehouseman, with whom the mortgagor has stored the goods, under General Business law (laws 1909, chapter 25; consolidated laws, chapter 20), section 113, subdivision "b," allowing enforcement of such a lien against goods, irrespective of ownership, where the person storing them had been so intrusted with them that a pledge of them to a pledgee in good faith, for value, would be valid, since the mortgage, being duly filed, would be constructive notice to a pledgee, so that the warehouseman was not within the statute. *Ludwig, Baumann & Co.* v. *Roth,* 123 *N. Y. Supp.* 191; 67 *Misc. Rep.* 458.

It may seem a hardship to compel a warehouseman to examine the records in the county clerk's or register's office before accepting a chattel for storage, but under the law as it is he must either do so or else protect himself by collecting his storage fees in advance.

Judgment for possession is given to the plaintiff.