STERCHI BROS. STORES *v.* C. R. WEAVER *et al.*

(*Knoxville,* September Term, 1931.)

Opinion filed December 5, 1931.

COX, TAYLOR & EPPS, for plaintiff in error.

GEO. M. DUNN, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

By the appeal in error herein we are asked to reconsider the holding of *Knoxville Outfitting Company* v.

*Knoxville Fireproof Storage Company,* 160 Tenn., 203, 22 S. W. (2d), 354, that the lien of a warehouseman on goods stored by a conditional vendee is subordinate to the lien of the conditional vendor.

Plaintiff in error urges that this ruling is contrary to the provision of section 35 of the Warehouseman's Act, Acts 1909, chapter 336, which provides that "the remedy for enforcing a lien herein provided does not preclude any other remedies allowed by law for the enforcement of a lien against personal property nor bar the right to recover so much of the warehouseman's claim as shall not be paid by the proceeds of the sale of property."

We think it obvious that this section of the Act refers only to the remedies available to the warehouseman for the enforcement of substantive rights secured to him by other sections. It does not purport to enlarge the scope or application of the lien elsewhere defined in the Act.

The principal argument of plaintiff in error is, however, that "the lien given by section 27 of the Act is in express terms made superior to the unrecorded lien of a conditional vendor." It is contended that this is the effect of section 49, which we here quote in full:

"Where a negotiable receipt has been issued for goods, no seller's lien or right of stoppage in transit shall defeat the rights of any purchaser for value in good faith to whom such receipt has been negotiated, whether such negotiation be prior or subsequent to the notification to the warehouseman who issued such receipt of the seller's lien to a claim or right of stoppage in transit. Nor shall the warehouseman be obliged to deliver or justified in delivering the goods to an unpaid seller, unless the receipt is first surrendered for cancellation."

This section speaks for itself, and, we think, can have no application to the warehouseman's claim of a lien on goods for which a negotiable receipt was neither issued nor negotiated. The section deals only with the rights of the holder by negotiation of a negotiable receipt, and can by no reasonable construction be held to declare the right of a warehouseman to a lien for storage charges, which is otherwise specifically dealt with in the Act. There is nothing in the Act to indicate a legislative intent to place the warehouseman on a parity with the holder by negotiation of a receipt issued by him.

The last sentence of section 49 protects the warehouseman against the demand of the conditional vendor, when the goods demanded are covered by a negotiable receipt which is not produced nor accounted for; but upon the production and cancellation of such receipt, the section does not purport to declare any further right of the warehouseman against the conditional vendor seeking to enforce his lien for unpaid purchase money.

The case before us, a replevin suit by the conditional vendor against the vendee and his warehouseman, was submitted to the trial court upon stipulated facts. The stipulation does not recite the issuance of a negotiable receipt for the goods in question, and there is nothing in the record to suggest that such a receipt may have been negotiated. It is stipulated: ''The only question is who takes precedence in this case, the plaintiff as conditional vendor or the defendant as warehouseman?''

We find nothing in the sections of the Act relied upon by plaintiff in error to indicate error in the conclusion reached in the case above cited, that the warehouseman's lien is subordinate to that of the conditional vendor.

Judgment affirmed.