**SMITH'S TRANSFER & STORAGE CO., Inc.,
v. RELIABLE STORES CORPORATION,
et al.**

No. 5326.

Court of Appeals of the District of Columbia.

Argued Feb. 3, 1932.

Decided March 28, 1932.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., for plaintiff in error.

Simon Hirshman, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Writ of error to the municipal court.

On April 24, 1926, Raymond F. Creamer, "residing at Cabin John, Md.," purchased of the defendant in error, Reliable Stores Corporation, trading as the National Furniture Company, at its place of business in the District of Columbia, a bill of household goods under a conditional sales contract, in which Creamer acknowledged the receipt of the goods, and agreed that he would not remove them from the "premises now occupied by him without the permission of the seller first had and obtained in writing." This contract was acknowledged in the District of Columbia and duly recorded in the state of Maryland.

In April, 1927, Creamer, who then was residing in the District of Columbia, stored the goods with plaintiff in error, Smith's Transfer & Storage Company, a licensed warehouseman in the District of Columbia. There was still an unpaid balance due the conditional vendor, defendant in error. Thereafter Creamer turned over to defendant in error the warehouse receipt, and defendant in error demanded the goods of the storage company. The storage company declined to surrender them without payment of storage charges. Thereupon suit was brought against the storage company, which resulted in a judgment for the value of the goods.

These being household goods, and the contract reciting that the purchaser resided at Cabin John, Md., and that he would not remove the goods from the premises then occupied by him without the permission of the seller, it is a reasonable inference that the parties contemplated that the goods would be immediately delivered or taken to the purchaser's residence in Maryland and there kept; in other words, that the parties intended to contract with reference to the laws of Maryland. Stern v. Drew, 52 App. D. C. 191, 285 F. 925. The law of Maryland, therefore, controls as to recording.

It is an established rule that, where par-

ties to a conditional sales contract contemplate that the property is to be taken at once, before any use by the vendee, into another state and there remain, the law of the situs thus given to the property will control the application of the recording statute. Potter Mfg. Co. v. Arthur (C. C. A.) 220 F. 843, Ann. Cas. 1916A, 1268; John Deere Plow Co. v. Mowry (C. C. A.) 222 F. 1; Cooper v. Philadelphia Worsted Co., 68 N. J. Eq. 622, 60 A. 352; Knowles Loom Works v. Vacher, 57 N. J. Law, 490, 31 A. 306, 33 L. R. A. 305; Corbett v. Riddle (C. C. A.) 209 F. 811. The contract in the present case was properly recorded in Maryland.

■ Under the rule of comity, courts are almost unanimous in sustaining. a title good under the law of the original situs, although not good under the law of the jurisdiction to which the property may be removed by one party without the consent of the other. Cooper v. Philadelphia Worsted Co., 68 N. J. Eq. 622, 631, 60 A. 352; Forgan v. Bainbridge, 34 Ariz. 408, 274 P. 155; Walters v. Slimmer (C. C. A.) 272 F. 435; Hoyt v. Zibell (C. C. A.) 259 F. 186; Farmers' & Merchants' State Bank v. Sutherlin, 93 Neb. 707, 141 N. W. 827, 46 L. R. A. (N. S.) 95, Ann. Cas. 1914B, 1250; Handley v. Harris, 48 Kan. 606, 29 P. 1145, 17 L. R. A. 703, 30 Am. St. Rep. 322.

■ The statutes of a state prescribing how conditional sales contracts and chattel mortgages shall be executed and recorded are almost universally regarded as speaking with respect to contracts made within the state and to property there situated, and not with reference to personalty brought within the state and which is at the time incumbered by a valid lien elsewhere created. Shapard v. Hynes (C. C. A.) 104 F. 449, 453, 52 L. R. A. 675.

In the present case, when Creamer, the conditional vendee, brought the goods back into the District, they were subject to the lien of the furniture company. A careful reading of Creamer's testimony discloses that he was attempting to state everything that had occurred relating to the furniture. He stated where and when he bought it; that he acknowledged the conditional bill of sale for it; that he kept up monthly payments for a time, but was in arrears when he stored the goods; that no demand for the goods had been made on him by the furniture company; and that he subsequently turned over the warehouse receipt to the furniture company. We think the inference reasonably deducible from his testimony is that the goods were brought back into the District without the consent of the furniture company. It certainly does not appear that such consent was given, either orally or in writing.

■ Neither section 1619 of D. C. Code 1924 (taken from the Act of May 18, 1896, c. 194, 29 Stat. 122, but deleted from D. C. Code, 1929), relating to liens of warehousemen, nor the Warehouse Receipts Act (Act of April 15, 1910, c. 167, 36 Stat. 301, title 27, D. C. Code 1929) provides that a warehouseman's lien shall be superior to a prior lien of a conditional vendor or mortgagee. In the absence of such a statute, neither a conditional vendee nor a mortgagor may by any contract with a warehouseman subordinate the interest of the conditional vendor or mortgagee to the warehouseman's lien. Ludwig, Baumann & Co. v. Roth, 67 Misc. Rep. 458, 123 N. Y. S. 191; Knoxville Outfitting Co. v. Storage Co., 160 Tenn. 203, 22 S.W. (2d) 354; Sterchi Bros. Stores v. Weaver, 163 Tenn. 499, 43 S.W.(2d) 489; Storms v. Smith, 137 Mass. 201; First National Bank v. White-Dulany Co., 121 Wash. 386, 209 P. 861; Bloomingdale Bros. v. Cook, 152 A. 666, 8 N. J. Misc. R. 824; Schmidt v. Bekins Van, etc. Co., 27 Cal. App. 667, 155 P. 647; Blakeslee v. Turgrimson, 176 Ill. App. 83; 40 Cyc. 458.

Judgment affirmed, with costs.

Affirmed.