FIRST JUDICIAL DISTRICT COURT, MONMOUTH COUNTY.

BANKER'S CAPITOL FURNITURE COMPANY, A CORPORATION IN AND OF THE STATE OF NEW JERSEY, PLAINTIFF, v. CHARLES HALL, MARY HALL, HIS WIFE; ARTHUR G. ROGERS, INDIVIDUALLY; ARTHUR G. ROGERS, TRADING AS "ROGERS STORAGE WAREHOUSE," AND ARTHUR G. ROGERS, TRADING AS "ROGERS AUTO VAN SERVICE," DEFENDANTS.

Decided December 22, 1932.

For the plaintiff, *Alfred Rosenburg.*

For the defendants, *Abe Simmel.*

NEWMAN, J. This is an action of replevin brought by Banker's Capitol Furniture Company, a corporation, against Charles Hall, Mary Hall and Arthur G. Rogers, a warehouseman.

The property involved was sold by the plaintiff on conditional bill of sale to the defendant Charles Hall. The defendant Charles Hall placed the goods and chattels in storage with the warehouseman, Rogers, who claimed a warehouseman's lien for unpaid storage charges and refused to deliver the same to the plaintiff until said storage charges were paid to him. The plaintiff refused to pay the charges to the defendant Rogers. Demand for and refusal of possession was conceded. The defendants Charles Hall and Mary Hall interposed no defense.

During the course of the trial the plaintiff proved ownership of the property and proved the conditional sale of the property to Charles Hall.

Though recorded, the bill of sale was in such form as to be ineffective as notice to anyone, and the plaintiff is therefore in a position of being the holder of an unrecorded bill of sale and the question therefore arises whether under the Conditional Sales act a warehouseman's lien is good against the holder of an unrecorded bill of sale.

At common law the rights of the conditional vendor were superior to the rights of anyone acquiring title to or a lien upon the property from the conditional vendee, and the common law rule remains unchanged except as changed by chapter 210 of the laws of 1919, usually referred to as "the Uniform Conditional Sales act."

With the exception of the classes named in section 5 of said act as read with section 1 the unrecorded bill of sale is good as against all other persons.

The words, "purchaser," "mortgagee," "pledgee," and "acquires by attachment or levy a lien," have in law fixed and definite meanings and cannot in any way be enlarged so as to include the lien of a warehouseman.

The only other question arising is whether section 28B of the Uniform Warehouse Receipts act gives a warehouse-

man a lien superior to that of the conditional vendor. The two acts must be considered separately. Section 28B of the Uniform Warehouse Receipts act cannot enlarge or be itself enlarged by the Uniform Conditional Sales act.

At common law upon a conditional sale of chattels followed by delivery of possession to the vendee, the reservation of title in the vendor until the contract price is paid is valid as against creditors of and *bona fide* purchasers from the vendee, unless the vendor has conferred upon the vendee *indicia* of title beyond mere possession, or has forfeited his rights by conduct which the law regards as fraudulent. The same rule would apply under this act to a bailment by a conditional vendee with the warehouseman. There is nothing in the case to indicate that the vendor gave the vendee any *indicia* of title beyond mere possession.

I therefore find that the plaintiff is entitled to possession and award judgment therefor.