# FIDELITY STORAGE CO., Inc., v. RELIABLE STORE CORPORATION.

## No. 5940.

Court of Appeals of the District of Columbia.

Argued Jan. 9, 1934.

Decided Feb. 5, 1934.

Rehearing Denied Feb. 12, 1934.

George H. Zeutzius, of Washington, D. C., for plaintiff in error.

Simon Hirshman, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Writ of error to the Municipal Court.

This is an action of trover in which judgment was entered for the defendant in error, vendor under an unacknowledged and unrecorded conditional sales contract of furniture delivered to the conditional vendee in the District, and subsequently stored by the conditional vendee with the plaintiff in error, a warehouseman.

The facts are stipulated. The defendant in error, the Reliable Stores Corporation, is in the retail furniture business in the District under the trade-name of the Hub Furniture Company, and is hereinafter referred to as the furniture company. Plaintiff in error, the Fidelity Storage Company, hereinafter called the storage company, is a duly licensed warehouseman and lawfully engaged in the District in the business of storing goods, wares, and merchandise. The furniture company sold and delivered to the Reverend S. Reed McAlpin, a resident of the District, household goods exceeding $100 in value under a conditional sale contract, which was not acknowledged nor recorded. Subsequently, in July, 1931, McAlpin, representing himself to be the owner of the goods, stored them with the storage company. That company had no reason to doubt that McAlpin was the absolute owner of the goods, and issued to him its warehouse receipt. Subsequently, in December, 1932, the furniture company demanded the goods from the storage company, without offering to pay the accrued storage charges. Delivery being refused, the furniture company brought suit, which resulted in a judgment for the value of the goods.

Under section 179, Tit. 25, D. C. Code, 1929 (section 547, D. C. Code, 1901, as amended by the Act of March 3, 1925, c. 417, 43 Stat. 1103), a conditional sale and delivery of chattels exceeding $100 in value to be valid as against third persons without notice must be reduced to writing, signed by the parties, acknowledged by the purchaser, and recorded. The section also provides that in the recorder's office the contract shall be indexed as if the purchaser was a mortgagor and the seller a mortgagee.

Under section 42, Tit. 27, D. C. Code, 1929 (section 28, Warehouse Receipts Act of April 15, 1910, c. 167, 36 Stat. 301, 305), a warehouseman is given a lien on "all goods belonging to others which have been deposited at any time by the person who is liable as debtor for the claims in regard to which the lien is asserted, if such person had been so intrusted with the possession of the goods that a pledge of the same by him at the time of the deposit to one who took the goods in good faith for value would have been valid."

In the present case the conditional sale contract was neither acknowledged nor recorded, and there was actual delivery of the chattels to the purchaser, McAlpin, whose possession was such that a pledge of the goods by him to one taking them in good faith for value would have been valid. The warehouseman's lien under the express terms of the Warehouse Receipts Act was superior to the claim of the furniture company.

Smith's Transfer & Storage Co. v. Reliable Stores Corp., 61 App. D. C. 106, 58 F. (2d) 511, is not inconsistent with this ruling. In that case a conditional sale was made by the furniture company in the District to a resident of Maryland and delivery was intended to be made and was made in that state. The contract was duly acknowledged in the

District and duly recorded in Maryland, but was not recorded in the District. Later the goods were brought into the District by the purchaser, without the knowledge or consent of the furniture company, and placed in storage contrary to the terms of the contract. We ruled that inasmuch as the goods were to be "immediately delivered or taken to the purchaser's residence in Maryland and there kept," the law of Maryland controlled as to recording, and that under the rule of comity the courts of the District would sustain a title good under the law of Maryland.

Reversed, with costs, and remanded.

Reversed and remanded.