DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE COUNTY OF HUDSON.

JERSEY SECURITY CO., A CORPORATION, PLAINTIFF, v. ELEANOR LOTTIMER, ALSO KNOWN AS ELEANOR DAY AND GOODMAN WAREHOUSE CORP., A CORPORATION, DEFENDANTS.

Decided October 15, 1942.

For the plaintiff, *Archie Usdin.*

For the defendant Goodman Warehouse Corp., *Nathan L. Goodman.*

Cozzi, D. C. J. The facts in this case are briefly stated. One, Eleanor Lottimer, also known as Eleanor Day, bought certain furniture under two conditional sales agreements, which agreements were unrecorded. This furniture was subsequently stored with the defendant warehouse. There was default in the payment of the furniture and the plaintiff instituted suit to regain possession of this furniture, and now the warehouseman resists the suit by reason of its unpaid warehouseman's lien. The defendant warehouseman claims that because the conditional sales agreements were unrecorded, its lien has priority over the rights of the conditional vendor. The conditional vendee does not contest this replevin suit.

The question in this case is simply whether or not the defendant warehouseman is a pledgee under the definition of the words "Purchase" and "Purchaser," as set forth in *R. S.* 46:32-2; *N. J. S. A.* 46:32-2. The defendant warehouseman contends that it is a pledgee and the plaintiff contends that it is not.

To further understand this question, it would be best to cite the common law rule that the ownership of the conditional vendor is paramount to the rights of third party claimants against its vendee. *Commercial Credit Corp.* v. *Hild,* 18 *N. J. Mis. R.* 72; 11 *Atl. Rep.* (2d) 428; *affirmed,* 125 *N. J. L.* 285; 15 *Atl. Rep.* (2d) 762, and cases cited therein. At common law it was not necessary to record a conditional sales agreement.

In order that the defendant can prevail, it is necessary that it qualifies as a pledgee within the purview of the Uniform Conditional Sales Act, *R. S.* 46:32-2; *N. J. S. A.* 46:32-2.

In 49 *Corp. Jur.* 900, § 13, it is stated:

"The necessary elements of a pledge are (1) A Pledgor

and a Pledgee, (2) *A debt or obligation,* (3) A contract of pledge."

And on page 904, section 24, as follows:

"In order to constitute a pledge of personal property, there must be a contract whereby the property is to be held as security * * * But whether express or implied, the intention of the parties that the property is to be held as a pledge must clearly appear, and accordingly every contract, express or implied, by which the possession of personal property is transferred as security only is generally deemed to be a pledge."

Measured by this definition, the defendant, under the present particular facts, is not a pledgee, since the furniture herein was not delivered to it as security for an outstanding debt, loan or obligation due it. This is a necessary prerequisite of a pledge, which is definitely lacking in this case. The defendant warehouseman can be a pledgee if the facts in the particular case complies with requisites of a pledge as herein stated. In this case, the defendant merely stored the goods of a conditional vendee, for which the law gives it a lien, if its storage charges are not paid. Therefore, this is not a pledge, but a pure and simple bailment.

The defendant further claims that he is a pledgee by virtue of the express language of the Uniform Warehousemen Receipts Law, *R. S.* 57:1-31; *N. J. S. A.* 57:1-31. This section does not constitute a warehouseman a pledgee. It merely asserts a right of lien in the warehouseman, on goods "belonging to others." To state that this section places warehouseman in a general classification of pledgees, is to distort the definition of a pledge. If this section were intended to grant to warehousemen a lien paramount to the claim of a conditional vendor whose contract of sale was unrecorded, it has failed to do so. See *Tappin's Jewelry Stores* v. *Rosner,* 111 *N. J. L.* 301; 168 *Atl. Rep.* 676.

Except as modified by the Uniform Conditional Sales Act embraced in *R. S.* 46:32-1; *N. J. S. A.* 46:32-1, &c., the common law rule is unchanged and still prevails that the ownership of the conditional vendor is paramount to the claims of a warehouseman's lien against its vendee.

Therefore, judgment will be entered in favor of the plaintiff.