CLIFTON DISTRICT COURT.

FAMOUS FURNITURE CO., A CORPORATION OF NEW JER-
SEY, PLAINTIFF, v. J. FISHMAN & SON, INC., A CORPO-
RATION, AND BENJAMIN FISHMAN, DEFENDANTS.

Decided August 23, 1944.

For the plaintiff, *Riskin & Riskin.*

For the defendants, *Herman D. Edelson.*

COLLESTER, D. C. J. This is an action brought by the
plaintiff, Famous Furniture Co., a New Jersey corporation,
a conditional vendor under a conditional sales contract bear-
ing date May 29th, 1941, wherein one, Franklin A. Dean,
was the conditional vendee. The defendant J. Fishman &
Son, Inc., a New Jersey corporation, is a warehouseman and
the defendant Benjamin Fishman is an officer of the latter
corporation.

The evidence shows that on September 29th, 1942, Dean,
the conditional vendee, stored the furniture listed under the
conditional sales contract with the defendant J. Fishman &
Son, Inc., under an agreement to pay storage charges at the
rate of $8 per month, and that said Dean was duly issued

a warehouseman's receipt therefor. Dean having failed to pay the warehouseman's charges, the defendant corporation sold the chattels at a public sale held on September 6th, 1943.

It appears that the plaintiff never filed its conditional sales contract in the Passaic County register's office. About four months after the goods were deposited by Dean with the defendant warehouseman, the plaintiff's representative informed the defendants that plaintiff was a conditional vendor of the goods and therefore was entitled to possession thereof. The defendants refused to deliver up the chattels unless the warehouse charges were paid. Negotiations for a settlement of the claim continued for several months until the defendant corporation finally sold the chattels at public auction. The sole issue for determination is whether the title of the conditional vendor, who failed to record his conditional sale contract, is paramount to that of a warehouseman.

The Uniform Conditional Sales Act provides as follows:

. R. S. 46:32–11; N. J. S. A. 46:32–11. "Every provision in a conditional sale reserving property in the seller, shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as provided in this chapter, unless such contract or copy is so filed within ten days after the making of the conditional sale."

R. S. 46:32–2; N. J. S. A. 46:32–2. "When used in this chapter * * * 'Purchase' includes mortgage and pledge. 'Purchaser' includes mortgagee and pledgee. * * *"

The Uniform Warehouse Receipts Act establishes a lien for a warehouseman for goods deposited with him—"for all lawful charges for storage and preservation of the goods. * * *" N. J. S. A. 57:1–30.

R. S. 57:1–31; N. J. S. A. 57:1–31 provides:

"* * * a warehouseman's lien may be enforced : * * * (b) against all goods belonging to others which have been deposited at any time by the person who is liable as debtor for the claims in regard to which the lien is asserted, if such person had been so entrusted with the possession of the goods that a pledge of the same by him at the time of the deposit

to one who took the goods in good faith for value would have been valid."

Can a warehouseman who admittedly has a lien on goods stored with him by virtue of the Warehouse Receipts Act be considered a *pledgee* within the meaning of the Conditional Sales Act? It is the opinion of this court that he can.

The goods stored with the warehouseman are not only deposited for safe keeping but under the Warehouse Receipts Act, the depositor pledges the goods as security for the payment of the storage charges, and the warehouseman under the law is given a lien upon the goods as complete and effective as though the goods had been pledged for a specific sum of money.

It is the opinion of this court that as a pledgee he stands in the same position as a "purchaser" of the goods who acquires the same without notice of the conditional sales contract.

It is undenied that at the time Dean deposited the chattels with the defendant corporation that the defendants were unaware of the existence of the conditional sale contract between the plaintiff corporation and Dean. The fact that the defendant corporation continued to store the goods after learning of the existence of the contract in no way alters defendant's position.

In an unreported decision in the case of General Electric Contracts Corp. *v.* Samuel Kochansky et al., District Court Judge Melniker, sitting in the District Court for the City of Bayonne, passed upon a similar situation. In so doing he made the following statement in which this court concurs:

"I am the more readily led to this conclusion because to hold otherwise would be to leave the warehouseman practically helpless against the vendor in an unrecorded conditional sales contract, who has put it in the power of the vendee to perpetrate a fraud upon an innocent third party. The conditional vendor could have protected himself and others by the simple expedient of recording and filing the sales contract. The unfortunate plight of the warehouseman cannot be laid at the door of his own dereliction. No reasonable inquiry could protect him against imposition. Under

the circumstances, therefore, the loss should fall upon him who has the means of preventing it and failed to exercise them, rather than upon him who had no such opportunity. 'When one of two innocent persons must suffer, the loss must fall upon him who put it in the power of third persons to cause the loss.' "

It is therefore the decision of this court that judgment for possession of the chattels should be entered in favor of the defendant J. Fishman & Son, Inc., a corporation of New Jersey, and Benjamin Fishman, individually.