### HAVERTY FURNITURE CO. v. KENNELLY MOVING & STORAGE CO.
No. 66801.

Civil Court of Record, Duval County.

March 9, 1962.

Rhydon C. Latham, Jacksonville, for plaintiff.

F. Bradley Kennelly of Greene & Greene, Jacksonville, for defendant.

TYRIE A. BOYER, Judge.

This is a replevin suit brought by a conditional vendor against a warehouseman seeking to recover possession of certain chattels purchased from the conditional vendor on a conditional sales contract and subsequently placed in the custody of the defendant warehouseman by the conditional vendee.

The conditional vendee is allegedly in default and for the purposes of this order it is assumed that that allegation is true.

The case came before the court for hearing on the defendant's motion to dismiss the complaint. Implicit in that motion (and the contention of the defendant's attorney at the hearing) is the contention that a warehouseman's lien is superior to the lien of a conditional vendor. That is the issue which will be considered in this order.

There was no appearance at the hearing by or on behalf of the plaintiff and no citations of authority have been furnished by the plaintiff.

The defendant has cited one case which, for the reasons which will be hereinafter more fully explained, the court does not find to be applicable to the facts of the case at bar.

The conditional sales contract which is the basis of the plaintiff's claim is not alleged to have been recorded, and an examination of the copy attached to the complaint does not reveal a

90

recordation stamp and for the purposes of this order it is assumed that the same has not been recorded.

An examination of the copy of said contract further reveals that it was executed less than 2 years prior to the date of the filing of this suit. (See F.S. 726.09).

F.S. 678.27 and 678.28 provide that a warehouseman shall have a lien on goods deposited in his hands, for all lawful charges for storage and for certain other costs and advances.

A conditional sale contract is held in Florida to vest in the conditional vendor a lien, and the conditional vendee is held to be the "owner" of the goods. (See G. F. C. Corporation v. Spradlin, Fla., 38 So.2d 679.)

The exact question that this court is called upon to resolve may be succinctly stated thusly —

As between a conditional vendor claiming under an unrecorded conditional sale contract, and a warehouseman claiming under the warehouseman's lien statute, who accepted the goods from the conditional vendee without actual or constructive notice of the lien of the conditional vendor, who has the superior lien?

F.S. 28.22(10) requires the clerk of the circuit court to keep a record book for the recording of conditional bills of sale, retain title contracts, etc. This court has been unable to find any statute or law requiring the recording of conditional sale contracts. In 6 Fla. Jur., Conditional Sales, etc., §110, page 150, appears the following — "In Florida there is no general statute requiring the recording of conditional sales contracts. * * * Conditional sales contracts which are not within these special provisions would seem to be governed by the common law rule. [The "special provisions" referred to in the last sentence to not appear to be applicable here]. All such contracts are entitled to be recorded, however, and when recorded impart constructive notice of their contents."

This court has searched in vain to find a Florida case exactly in point. There is a dearth of authority as to warehouseman's liens, or as to any other liens pertaining to chattels other than motor vehicles. The reporters are replete with cases pertaining to liens and priority of liens involving motor vehicles. Most states — and certainly Florida — have statutes which are peculiar to motor vehicles and therefore most of the cases involving motor vehicles turn on the construction of such statutes and accordingly are not in point where the controversy involves another type of chattel.

Most cases which do pertain to chattels other than motor vehicles involve a repairman's lien rather than the lien of a warehouseman. However this court finds it difficult to logically distinguish between a warehouseman and repairman. The Court of Appeals of California pointed out in C.I.T. Corp. v. Biltmore Garage, 3 Cal. App. 2d Supp. 757, 36 P.2d 247, that there was no distinction between a lien for repairs and one for storage. (Again, that case involved a vehicle).

It seems to be the generally accepted rule that where a statute creates a lien, that lien does not take precedence over a prior contractual lien unless the creating statute clearly shows or declares an intention to cause the statutory lien to override the earlier one. (See Atlas Securities Co. v. Grove, 137 N.E. 570, 30 A.L.R. 1227).

In 3 Miami Law Quarterly at page 632, there appears a comment involving a Florida automobile case wherein the following statement is made, citing authorities therefor — "In the absence of statute, the general rule in determining the priority of liens is that they shall take precedence in the order of their creation unless the lien prior in point of time is extrinsically defective, or is destroyed by some act of the lien holder."

"In the absence of statutory regulation, the common law establishes liens in the order of their acquisition, the first in time being first in rank." 21 Fla. Jur., Liens, §31, page 78. In 6 Fla. Jur., Conditional Sales, etc., §110, it is stated — "At common law a conditional sale contract need not be recorded to be valid. It is recognized as valid as between the parties and as against purchasers from, and creditors of, the conditional vendee."

A warehouseman's lien might be likened to the lien of a landlord for rent: in that connection it is held that a chattel mortgage executed prior to the placing of property on real estate, or prior to the commencement of tenancy under a lease, is superior to the landlord's lien for rent. See 6 Fla. Jur., Conditional Sales, etc., §72, and cases there cited.

In Neitzel v. Lawrence, 40 Idaho 26, 231 P. 423, a case involving a vehicle, the court stated without enumerating reasons that — "the rule would seem to be that the claim of a vendor under a conditional sale contract is superior to a claim of lien for storage."

As above stated, most of the cases which are even remotely in point have involved situations wherein the conditional sale contract was recorded prior to the accrual of the statutory lien or where there was a specific statute requiring that the prior lien be recorded in order to be effective. Neither of such situations is applicable to this case. We find in an annotation commencing

on page 198 of 36 A.L.R.2d, at page 208, the general statement that — "where there is no statutory provision for the recordation of conditional sales, it has often been held that notwithstanding the absence of notice of the vendor's interest, the artisan's lien will ordinarily be subjected to the prior vendor's interest." Numerous cases are cited. In the same annotation, at page 202, we find the following statement — "The Restatement of the Law of Security of the American Law Institute, §76, adopting the general rule, provides that subject to the provisions of recording statutes, where a lien exists in consequence of the bailment of a chattel held under a conditional sales contract, the interest of the conditional vendor is prior to that of any lienor except a hotel keeper or a connecting carrier, unless words or circumstances justify the inference that the conditional vendor has consented to subordinate his interest."

The defendant (warehouseman) has cited Llewellyn Machinery Corporation v. Miller, Fla., 108 So.2d 916. That case, on first blush, may appear to be controlling. However a careful examination of the case reveals that the decision is bottomed on the principle of estoppel and is applicable only in situations wherein the conditional vendee is a dealer in the type of goods upon which the liens attach.

The case of G.F.C. Corporation v. Spradlin, Fla., 38 So.2d 679, is equally inapplicable to the case at bar as there the court was confronted with a situation involving a motor vehicle and with F.S. 319.15, which specifically provides that — "no lien * * * for a debt in the form of a retain title contract, conditional bill of sale, * * * or otherwise on a motor vehicle shall be enforceable * * * against creditors or subsequent purchasers * * * without notice * * * unless * * * recorded * * * ." Essentially the same situation was involved in the recent case of Colonial Finance, Inc. v. All Miami Ford, Inc., Fla., 112 So.2d 857.

The closest case in point that the court has been able to find as a result of an independent research is Dillon v. Mizell Livestock Co. (Supreme Court of Florida, 1913), 63 So. 824. There the Supreme Court gave extensive consideration to a construction of the predecessor of F.S. 726.09. However in concluding the court stated — "We hold that a mortgage executed by the conditional vendee in possession before the expiration of the statutory period confers no rights upon the mortgagee, as against the conditional vendor, not possessed by the mortgagor."

The only distinction between the last cited case and the case at bar is that in the cited case the second lien was a mortgage whereas in the case at bar the second lien is a statutory warehouseman's lien.

None of the Florida cases annotated under F.S. §678.27 or 678.28 in Florida Statutes Annotated appear to be in point. However, there are cases from other jurisdictions cited in the annotations, some of which are clearly not in point because they involve mandatory recordation statutes, and some of which would appear to be at least persuasive. Those which appear to be most nearly in point and the most persuasive are Smith's Transfer, etc., Co. v. Reliable Stores Corp., 58 F.2d 511, 61 App. D.C. 106; Holloway v. Merchants' Transfer Co., Tex. Civ. App., 294 S.W. 989; Holmes v. Klein, Tex. Civ. App., 59 S.W. 2d 171; Bankers' Capital Furniture Co. v. Hall, 11 N.J. Misc. 13, 163 A. 556.

It is well settled that the common law, except where changed by statute, is the law of Florida.

In view of the fact that the common law establishes liens in the order of their acquisition and further considering the cases last above cited from other jurisdictions having a law identical to, or similar to, F.S. §678.27, upon which the defendant relies; and particularly upon considering Dillon v. Mizell Livestock Co., supra, the court finds that the lien of a conditional vendor, though the contract be unrecorded, is superior to the subsequent lien of a warehouseman arising under F.S. §678.27 unless the vendor has conferred on the vendee indicia of title beyond mere possession or forfeited his rights by fraudulent conduct.

Lest it should be urged that the warehouseman's lien should prevail over the earlier established lien of the conditional vendor for the reason that the warehouseman, by storing and protecting the subject property, was rendering a service beneficial to the vendor, see Colonial Finance, Inc. v. All Miami Ford, Inc., Fla., 112 So.2d 857, and the numerous cases there cited, where a similar contention was rejected.

Upon the reasoning above stated, it is ordered and adjudged that the defendant's motion to dismiss is denied, and the defendant is allowed 10 days from date hereof within which to file and serve an answer to the complaint.