151 So.2d 868 (1963)
DADE NATIONAL BANK OF MIAMI, a national banking corporation, Appellant,
v.
UNIVERSITY TRANSFER & STORAGE, INC., Appellee.
No. 62-669.
District Court of Appeal of Florida. Third District.
April 16, 1963.
Scott, McCarthy, Preston & Steel and Talbot D'Alemberte, Miami, for appellant.
Turner, Hendrick, Fascell & Guilford, Coral Gables, and John Kirk McDonald, Perrine, for appellee.
Before PEARSON, TILLMAN, C.J., and CARROLL and BARKDULL, JJ.
BARKDULL, Judge.
The appellant, plaintiff in the trial court, appeals from an adverse final judgment entered in a replevin cause.
The matter was submitted to the trial court upon a stipulated set of facts, as follows:
"* * * The title to the piano which is in dispute rests with Dade National Bank of Miami. This title is under an assignment from a conditional sales contract. The defendant's claim is under a warehouseman's lien by virtue of Florida Statute Chap. 678.
"It is agreed between the parties that the piano was deposited in the defendant's warehouse by the conditional vendee and that in this action he had no authority or directions from the conditional vendor to store the piano. The vendor did not know that the piano was being stored. The vendee did, however, have a right to possession by virtue of the conditional sales contract. The warehouseman would be entitled to assert his lien against the interest of the conditional sales vendee.
"The conditional vendee has left town and has defaulted on the conditional sales contract. The conditional vendee is in default for the payment of the warehouseman's lien on the piano and other personal property stored by the vendee with the warehouseman on or about March 3, 1962.
"The conditional vendee did not inform the warehouseman of the conditional vendor's interest in said piano at any time prior to, or at the time and date of the storage, nor did the warehouseman have actual knowledge of the conditional vendor's interest at any time until the conditional vendor made its demand for the possession of said piano.

*869 "That the conditional sales contract was not recorded nor was the assignment recorded. * * *"
We would add to these facts that the conditional sales contract was executed on June 14, 1961, less than two years before the chattel was delivered to the warehouseman. It appears that the decision in this cause is controlled by Richardson Tractor Co. v. Square Deal Machinery & Supply Company, Fla.App. 1963, 149 So.2d 388, which was rendered subsequent to the trial judge's entry of the summary judgment in this cause. In the Richardson case, supra, the Second District Court of Appeal of Florida squarely held that a vendor in an unrecorded conditional sales contract had a superior position to one claiming a lien on the chattel [the subject of the conditional sale], even though both parties [the conditional vendor and the subsequent lienor] had acted in good faith and without knowledge of the respective rights of the other.
The appellee urges that § 678.28(2), Fla. Stat., F.S.A., relating to warehousemen's liens, is one of the uniform acts and should be interpreted by decisions of other states and, in particular, the following cases: Fidelity Storage Co., Inc. v. Reliable Store Corp., 1934, 63 App.D.C. 83, 69 F.2d 569; Famous Furniture Company v. Fishman & Son, Inc., 39 A.2d 235, 22 N.J. Misc. 368. However, the appellant points out that each of the cases wherein the warehouseman's lien was held superior to the interest of the conditional vendor, the jurisdiction involved required the recording of the conditional sales contract, while in this State recording by § 726.09, Fla. Stat., F.S.A., is not required within a period of two years. The appellant cites the following cases as authority, in accordance with this opinion that the conditional vendor's interest in an unrecorded conditional sales contract is superior to a subsequent lienor: Smith's Transfer & Storage Co. v. Reliable Storage Corp., 1932, 61 App.D.C. 106, 58 F.2d 511; Banker's Capitol Co. v. Hall, 163 A. 556, 11 N.J. Misc. 13; Jersey Security Co. v. Lottimer, 28 A.2d 623, 20 N.J. Misc. 432; Knoxville Outfitting Co. v. Knoxville Fireproof Storage Co., 160 Tenn. 203, 22 S.W.2d 354; Sterchi Bros. Stores v. Weaver, 163 Tenn. 499, 43 S.W.2d 489. See also the persuasive reasoning in Haverty Furniture Co. v. Kelly Moving & Storage Co., 19 Fla. Supp. 88.
We reverse the action of the trial judge in entering the final judgment, with directions to enter a judgment in favor of the appellant [plaintiff in the trial court].
Reversed with directions.